## BRUSH *vs.* KEELER.

*An action will not lie for the recovery of a bet made after an election and previous to the result being known, on the number of votes which a candidate for a public office has received beyond the number given to his competitor.*

DEMURRER to declaration. The plaintiff declared on a *bet*, made on the 15th November, 1828, by which the defendant undertook to pay the plaintiff *one cent for every vote* which *Martin Van Buren* had received for the office of governor of this state, at the election ending on the 5th day of that month, over 20,000 more than were given . for *Smith Thompson*, his competitor for that office. The plaintiff averred that 30,350 votes were given for Martin Van Buren beyond the number given for Smith Thompson, by means whereof the defendant became liable to pay the plaintiff $103,50. To this declaration the defendant demurred.

*Greene C. Bronson*, (attorney general,) for defendant.

*J. A. Spencer*, for plaintiff.

*By the Court*, MARCY, J. Although there are some shades of difference between this case and others that have been decided in this court involving the validity of election bets, yet it is to be determined, I apprehend, by the same principles governing those cases. It is true that most of the questions of the kind have arisen on bets made previous to the election, but such was not the case in all of them. *Lansing* v. *Lansing*, 8 *Johns. R.* 354, and *Rush* v. *Gott*, 9 *Cowen*, 169, were suits on bets made after the elections to which they related had actually taken place. These latter cases seem to proceed upon the ground that bets made after the election tend to agitate questions affecting the validity of the elections.

This bet would have a similar tendency. It involves, if not the result of the election as to the candidate, the state of the canvass, and in its consequences, may be as mischievous as if it raised a question as to the validity of a particular officer's election. Ch. J. Kent seems to lay down a principle in the case of *Visscher* v. *Yates*, 11 *Johns. R.* 23, which nullifies all wagers upon elections. The security of our constitution and liberties are involved in the independence, moderation and purity of our popular elections; all gambling, upon their result, would have a pernicious influence, and therefore cannot be sanctioned by law.

Judgment for defendant.