JOHN ARNOT, JR., RESPONDENT, v. THE PITTSTON AND ELMIRA COAL COMPANY, APPELLANT.

*Contract — containing valid and invalid provisions — when valid provisions enforced — made by agent — when may be disaffirmed.*

Although a contract contains some provisions or promises which are void by statute, yet if it also embraces other agreements which would be valid if standing alone, they may be enforced.

*Jarvis* v. *Peck* (10 Paige, 119) followed; *Saratoga Co. Bank* v. *King* (44 N. Y., 87); *Woodworth* v. *Bennett* (43 id., 278) distinguished.

The intention of the parties as it appears in the agreement is to be considered upon the question whether a particular provision in the agreement is dependent or independent.

Distinction drawn between an action brought to enforce the performance of an illegal contract, and one prosecuted for the disaffirmance of such contract.

The authority of an agent to enter into an illegal contract, is not to be presumed; nor is such contract obligatory upon the principal, and the latter has a right to disaffirm it.

APPEAL from a judgment entered in favor of the plaintiff upon a referee's report.

The action was brought by the plaintiff, as assignee of the claim, to recover on a *quantum meruit* the value of certain coal sold and

* People v. Supervisors of Allegany, 15 Wend., 198 ; People ex rel. Marsh v. Delaney, 49 N. Y., 655.

delivered by the Butler Colliery Company to the defendant, and money advanced during the month of August, 1869.

The Butler Colliery Company and the defendant were corporations engaged in the business of mining and selling coal.

On August 3d, 1869, an agreement was entered into by and between the two corporations, by which the defendant agreed to take at a certain price and on certain conditions, in the contract specified, coal from the said Butler Colliery Coal Company. The ninth clause of this contract was as follows: "Ninth. The said party of the first part hereby agrees not to sell coal to any other party than the said party of the second part, to come north of the State line during the continuance of this agreement."

The referee found that the object and purpose of the defendant in making the said contract, was so to control the shipment and supply of coal for the Elmira market as to maintain an unnaturally high price of coal in that market, and to prevent competition in the sale of coal therein, of which fact the plaintiff's assignor at the time had notice. That, pursuant to said agreement, the Butler Colliery Company delivered to defendant a quantity of coal, and made advances of money to and for the use and benefit of the defendant; the value of which coal and advances together amounted to $9,966.24, for which sum he ordered judgment for the plaintiff. The referee further found that the Butler Colliery Company had refused to continue to carry out said contract, and had given notice to defendant that it would not deliver any more coal thereunder. The defendant in its answer set up, among other things, the failure of the Butler Colliery Company to carry out the contract; and that it was illegal, being in hinderance of trade, etc.

*H. Boardman Smith*, for the appellant. The Butler Colliery Company were *particeps criminis*. (3 Seld., 328, 347; 3 Den., 107, 340; Chitty on Cont., 422, 424 [Am. ed., 1840]; 20 Wend., 390; 14 N. Y., 162, 170, 175.) The rule is the same whether the illegality be *malum prohibitum* or *malum in se*. (5 Seld., 520; 7 Wend., 276; 26 Barb., 595.) An act against public policy is *malum in se*. (14 N. Y., 201, 202; 10 Barb., 642; 6 Seld., 241; 10 Barb., 565.) If any part of the consideration is illegal the whole consideration is void. (1 Pars. on Cont., 380; 5 Hill, 249; 37 Barb., 343; 5 Cow., 253; 34 Barb., 533; 2 Kent Com., marg. p.

468.) The statute prohibits this kind of contract. (2 Edmond's St., 714, § 8, sub. 6; see, also, 26 N. Y., 537; 37 id., 591.) The failure of a part of an indivisible consideration is the same in effect as a total failure. (*Chanter* v. *Leese*, 5 Mees. & Welb., 698; *Oakley* v. *Morton*, 1 Kern., 25; 17 N. Y., 173; 4 Com., 360.)

*John Murdoch*, for the respondent. If defendants have suffered from rescission of contract, they must recoup their damages. (19 Barb., 313, 416, 423; 39 N. Y., 233; 2 Pars. Cont., 193; 14 Wend., 257; 5 Barb., 440.) The court will disregard the bad, and sustain the agreement upon the good consideration. (1 Pars. Cont., 380, 381, note *y*; 3 Comst., 37; Chitty on Cont., 694; 18 Penn., 50; 2 Pars. Cont., 253. The contract is divisible and may be enforced as to the legal provisions. (3 N. Y., 37; 40 Barb., 440; 5 id., 10, 161; 20 id., 440; 21 id., 361; 15 N. Y., 12; 46 Barb., 618.) The good consideration would sustain the agreement. (1 Hoffman Ch., 479; 10 Paige Ch., 119; 18 Penn., 50; 5 Duer, 76; *Evans* v. *Harris*, 19 Barb., 423.) The company had a right to disaffirm the illegal agreement of its agent. (*Condit* v. *Baldwin*, 21 N. Y., 219; *Bell* v. *Day*, 32 id., 165; *Algur* v. *Gardner*, 54 id., 360.) In the absence of proof, an agent will not be presumed to have authority to make illegal contracts. (3 Duer, 241; 2 N. Y., 479; 5 Den., 575.)

MILLER, P. J.:

I shall assume, for the purposes of this case, that the ninth paragraph of the contract between the Butler Colliery Company and the Pittston and Elmira Coal Company, which is as follows:

"Ninth. The said party of the first part hereby agrees not to sell coal to any other party than the said party of the second part, to come north of the State line during the continuance of this agreement," was illegal and void. Taking this view of the subject, the question arises, whether the contract is divisible, and embracing some provisions which are valid, standing alone, and there being an adequate, independent consideration, the defendant's agreement can be supported, and the court can disregard the bad, and sustain the agreement upon the good consideration. I am inclined to the opinion that this can be done. It is laid down by Parsons, in his work on contracts:[*]

* Vol. 1, p. 380.

"If one gives a good and valid consideration, and thereupon promises to do two things, one legal the other illegal, he shall be held to do that which is legal, unless the two are so mingled and bound together that they cannot be separated; in which case the whole promise is void." See also note *t*, where the same principle is substantially maintained. * On page 381 of the same work, it is further stated, in a note: "Although a contract contain some provisions or promises which are void by statute, yet if it also embrace other agreements which would be valid if standing alone, they may be enforced;" and numerous English cases are cited to uphold this principle. Although there are, perhaps, some cases seemingly in conflict with these general rules stated, I am not satisfied that they are of a character which overthrows the principle referred to in the authorities cited. In support of the position contended for by the plaintiff's counsel, is the case of *Jarvis* v. *Peck*, † which I do not understand has ever been distinctly overruled; *Saratoga Co. Bank* v. *King* ‡ does not so hold, and is not, I think, in conflict with the rules laid down; for, in that case, the action was brought to enforce an illegal agreement, while here it is in disaffirmance of it. The same remark applies to *Woodworth* v. *Bennett.* § The elementary principle is sustained in numerous cases, that where the contract is divisible, and the illegal part may be separated from the legal, the contract may be enforced. ‖

In *Alcock* v. *Giberton*, ¶ the rule was laid down by the assistant Vice-Chancellor HOFFMAN, "that if a sufficient valuable consideration remained, after rejecting the illegal one, to support the contract, the court would enforce it." It is very evident that such consideration does not exist in the case at bar, to support the plaintiff's claim; and the action may therefore be maintained within this rule. The intention of the parties is also to be considered, as appears from the instrument itself, upon the question whether a particular provision in the agreement is dependent or independent;

---

* Leavitt v. Palmer, 3 Coms., 19, and the authorities cited.

† 10 Paige, 119.    ‡ 44 N. Y., 87.    § 43 N. Y., 273.

‖ Leavitt v. Palmer, 3 N. Y., 37; Leavitt v. Blatchford, 5 Barb., 10; Grant v. Johnson, id., 161; Pepper v. Haight, 20 id., 440; Rose v. Truax, 21 id., 361; Sanderson v. Goodrich, 46 id., 618; 15 N. Y., 12.

¶ 5 Duer, 76.

and when a defendant has received a substantial part of the consideration of the covenant, which is being enforced against him, and the covenants and consideration, in their nature, cannot be apportioned, they are to be considered as independent. * As to the question of intention, it will be seen that the vendors only obtained the market-price for their coal, and the vendees only paid such price. It is hardly to be presumed that either of the parties, under such circumstances, were influenced by any other provision except the price. We must construe the agreement as it reads, independent of the opinion of any of the parties or their agents, which was given in evidence on the trial, and which perhaps may have been an after thought, and therefore should have no weight. The construction stated, it seems to me, is supported by the instrument itself, and it is not the province of courts to strain a point so as to include an illegal consideration, and, by conjecture and speculation, defeat the actual designs of a party.

These views are sufficient to dispose of the case, but, independent of them, I am of the opinion that there is no principle of law, which interferes with the right of the plaintiff to maintain an action for the value of the coal sold and delivered to the defendant. It appears, and the referee has found, that soon after the agreement was made, it was rescinded and disaffirmed by the plaintiff's assignor. The action was not brought to enforce the agreement, but in disaffirmance of it, and the contract was executory, at least not fully executed. Although both parties had participated in it, they were not in "*pari delicto,*" where neither can recover from the other. The contract being executory, the plaintiff had a right to rescind and bring his action to recover the value of the coal delivered. There is a wide distinction between an action, brought for the affirmance of an illegal contract and to enforce its performance, and an action which is prosecuted in disaffirmance of a contract, on the ground that it is void, and that the defendant is not entitled to the benefit to be derived from an unlawful act. † There is no finding of the referee, that the plaintiff was in "*pari delicto,*"

* Evans v. Harris, 19 Barb., 423.

† Morgan v. Groff, 4 Barb., 524, 527; Schermerhorn v. Talman, 14 N. Y., 123; Curtis v. Leavitt, 15 id., 12.

and, inasmuch as the plaintiff's assignor sought to revoke and recede from the contract, I think they cannot be considered as liable to the charge of being equally in fault with the defendant. It may also be observed, that the contract in question was made by an agent of the plaintiff's assignor and by the president of the defendant, and if they were both in "*pari delicto*," the Butler Colliery Company, whom the agent represented, when it came to its knowledge, had a right to rescind and disaffirm it, and actually did so disaffirm the contract. As it did not ratify it, a right of action accrued to the Butler Colliery Company, which the plaintiff, as their assignor, is entitled to maintain.* The authority of an agent to enter into a contract which is illegal, is not to be presumed ordinarily, nor is it obligatory upon the principal, and the latter has a right to disapprove of and disaffirm it. There is evidence showing that the principal, the Butler Colliery Company, was not acquainted with the terms of the contract when made, and upon ascertaining what it was, repudiated and disaffirmed it. It could do no more, and was entitled by that act, to recover for the value of the coal delivered. These views dispose of all the questions which it is material to discuss, and dispose of the case. The judgment was right, and must be affirmed, with costs.

Present — MILLER, P. J., BOCKES and BOARDMAN, JJ.

Judgment affirmed, with costs.

* Condit v. Baldwin, 21 N. Y., 219; Bell v. Day, 32 id., 165; 54 id., 360; Clark v. Metropolitan Bank, 3 Duer, 241.