HEZEKIAH W. ENGLISH, RESPONDENT, *v.* CHARLES J. RUMSEY AND ORISTUS H. GREGORY, AS EXECUTORS, ETC., OF JOHN RUMSEY, DECEASED, APPELLANTS.

*Illegal contract — compounding of a felony — a party cannot recover money deposited to aid in carrying out such a contract.*

In an action brought against the plaintiff by one Tichenor, for poisoning the latter's sheep, a verdict was rendered in favor of the plaintiff. An indictment against the plaintiff for poisoning the same sheep was then pending. The parties desired to settle the civil action and have a *nolle prosequi* entered on the indictment, upon the plaintiff paying Tichenor $200. Being informed that such an agreement would be illegal, the sum of $200 was placed by the plaintiff in the hands of one Rumsey, he being instructed to pay the money to either the plaintiff or to Tichenor, as he might be advised by one McGuire, the plaintiff's attorney, or, according to other evidence, to pay the money to Tichenor, when the plaintiff's attorney came with Tichenor and directed the payment to be made. A *nolle prosequi* was not entered on the indictment, but a verdict was rendered in favor of the plaintiff.

The plaintiff having presented a claim for the money against the estate of Rumsey:

*Held,* that no recovery could be had until it was shown that Rumsey had been instructed, as required by the terms of the deposit, as to the person to whom the payment was to be made.

That as the plaintiff to prove his right to recover the money was compelled to establish and claim under the contract of deposit, and as such contract was void, as being made to compound a felony, he could not maintain the action.

APPEAL from an order made at Special Term confirming the report of a referee, to whom, under the statute, a disputed claim against the estate of John Rumsey, deceased, had been referred.

The plaintiff had been indicted for a felony, in poisoning sheep of one Tichenor. He had also been sued by Tichenor for damages connected with the same matters. Prior to September, 1881, the civil action had been tried and a verdict rendered in favor of English, the defendant therein. Some steps had been taken to appeal.

In September, 1881, the Court of Sessions was sitting, and the civil

action was settled by agreement of the parties on the payment of fifty dollars to the attorney of Tichenor. It was further agreed between English and Tichenor at that time (or more accurately, they wished to agree), that when a *nolle prosequi* should be entered upon the indictment, English should pay Tichenor $200. But they were informed that to agree to do this would be to agree to compound a felony. Therefore the following arrangement was made : English left the $200 with John Rumsey, since deceased, a banker, and a man of responsibility. No explanation was given to Rumsey of the reason for leaving the money with him. But it was said to him at the time by Mr. McGuire, the counsel of English, in the presence of English and Tichenor, that the money was to be paid to one of these two men, "I (the counsel) will let you know to which one you will pay it." And again, Rumsey said : "I am not to pay this money to either of these ; you are to let me know to whom it is to be paid," which remark was assented to.

English states the agreement thus : That it would be cheaper for him to end it by paying $200 ; that if the indictment was *nolle prosequied*, Tichenor was to have the money ; if not, Tichenor was not to have it.

Another witness, the attorney of English, states the conversation, at the time of depositing the money with Rumsey : "I want to leave $200 with you, to be paid to Mr. Tichenor when Elston (English's attorney) comes here with Tichenor and says, pay it to Tichenor."

A *nolle prosequi* was not entered on the indictment, but a verdict was finally rendered in favor of English.

On the part of the defense, it is shown that both the plaintiff and Tichenor have demanded this money of the defendants ; that no such amount can be found in the cash book of the deceased ; that there was found in a letter drawer of deceased a memorandum in his hand writing, on a paper in the shape of a strap, such as is put around a bundle of bills, but no bills in it. This memorandum is as follows : "Two hundred dollars, September 30, 1881, to be paid to Tichenor when agreed to by Elston and Tichenor. Left by J. McGuire."

*George B. Davis*, for the appellants

*W. N. Tompkins*, for the respondent.

LEARNED, P. J.:

Whether we take the statement of Mr. McGuire or of Mr. Elston, the terms on which the money was deposited do not seem to have been complied with, in such a manner as to give the plaintiff a right to it. We are to see what obligation Rumsey assumed; because it is not proved that he knew anything of the arrangement made between the parties beforehand. Mr. McGuire says that he was to let Rumsey know to which one of the two the money was to be paid. There is no evidence that Mr. McGuire ever directed Rumsey to pay it to either of them. And if Rumsey took the money to hold until McGuire told him to which of the two he was to pay, then it is necessary to show that McGuire designated the person, before there can be a recovery. Or, again, if we take Elston's statement, confirmed as it is by the memorandum, then Rumsey took the money solely to pay it to Tichenor when Elston said so. There is no ground on that theory for any claim by the plaintiff, and none by Tichenor till Elston says so.

It may be that English and Tichenor had previously agreed that the money should be paid to English if a *nolle prosequi* was not entered. But this action is against Rumsey's estate, and his estate can be liable only upon the terms which he entered into himself. There is nothing to connect him with the previous negotiations. So stands the case, without reference to the matter of illegality.

But another question is presented. It is said that this deposit was made for the purpose of carrying out a contract to compound a felony, and therefore English cannot recover it. On the other hand it is said that the defendants cannot set up such illegality. The plaintiff cites several cases in support of this view. (*Merritt v. Millard*, 4 Keyes, 208.) In that case an illegal contract had been made between Merritt and Brewster, which had been performed by the plaintiff. After its performance Brewster gave to the defendant $500 to pay to the plaintiff, as Brewster had agreed to do. The defendant refused to pay, and the court sustained a recovery. Here the illegal agreement had been performed by both parties — by Brewster and by the plaintiff. It was not necessary to resort to the illegal agreement to determine that the plaintiff was entitled to the money. The same doctrine is incidentally recog-

nized in *Woodworth* v. *Bennett* (43 N. Y., 273), where the note was given after the illegal agreement had been performed.

But these cases differ from the present. When this money was deposited with Rumsey the illegal agreement had not been performed. The right to this money, (going back now to the arrangement made between English and Tichenor) was to depend upon the performance of the illegal agreement. If English's testimony is true, and if the money was to be paid back to him in case a *nolle pros.* was not entered and was to be paid to Tichenor if it was, then, to establish English's case, he needs to show that the illegal contract was made, and that he is entitled to the money by its terms. His rights and Tichenor's depend upon the success, or failure, in doing what Tichenor agreed to attempt.

The test is, says Chitty, whether the plaintiff requires any aid from the illegal transaction to establish his case. (Chitty Cont., 657.) The present plaintiff, to establish his case, must show the illegal contract, and must show by its terms his right to this money. It is by virtue of the illegal contract that he claims it. If English and Tichenor had made this agreement to compound the felony, and after the felony had been compounded English had delivered this money to Rumsey to be paid to Tichenor, then the doctrine urged by the plaintiff would apply. Then it would not have been necessary to refer to the illegal contract to establish the rights of Tichenor. But on the contrary, in the present case, the money was not paid after an illegal contract had been performed on the one side. It was deposited to secure the future performance of an illegal contract. The plaintiff might also refer to *Norton* v. *Blinn* (22 Am. L. Reg., 783), decided in Ohio. There it was held that when an agent, in the prosecution of an illegal enterprise has received money belonging to his principal, he is bound to pay it over to the principal. But that case is not like the present. Rumsey was not the agent either of English or of Tichenor. He was, as it were, a stakeholder, probably innocent, holding money of which the ultimate destination depended on a contract both *malum prohibitum* and *malum in se.*

Nor is this a case where a person has disaffirmed an illegal contract, and on the ground of such disaffirmance has sought to recover back his money. (*Morgan* v. *Groff*, 4 Barb., 524.) The plaintiff

here does not seek to disaffirm. But he claims under the bargain which he alleges; that is, that the money was to be paid to him if a *nolle pros.* should not be entered. He waits until it is decided that a *nolle pros.* will not be entered, and then claims under, not in disaffirmance of, the contract. He has held up before Tichenor during all the time prior to the final verdict this offer of $200. And he testifies that Tichenor offered, if the indictment were tried, " that he would swear easy." Evidently, then, English never availed himself of his " place of repentance."

And here we may notice a case which has been cited in some authorities (*Taylor* v. *Bowers*, L. R., 1 Q. B. D., 291), which seems to us to adopt a rule quite contrary to the law recognized in this State. The plaintiff, an embarrassed debtor, with intent to defraud his creditors, made over his goods to one A. A. afterwards executed a bill of sale to the defendant to pay a debt due from plaintiff to defendant. The plaintiff was allowed to recover back the goods, on the ground that he could repudiate the illegal transaction. We suppose it to be settled in this State that a transfer by a debtor with intent to defraud his creditors is valid as to him, and void only as to creditors. It is only void as to those who are injured thereby, viz., the creditors.

The case of *Staples* v. *Gould* (9 N. Y., 520) shows that money paid to secure an illegal contract cannot be recovered back. The case of *Bettinger* v. *Bridenbecker* (63 Barb., 395), is also closely analogous to the present, and sustains the defendant's views.

Another circumstance is worth noting. In the claim which English presented to the executors and verified, he did not allege that the money was deposited for the purpose afterwards stated in his testimony, but that it was deposited to be paid " in case a *certain suit between Hezekiah W. English and Horace H. Tichenor was settled.*" Thus he evidently evaded the question of compounding a felony.

It is easy to see, even without the explanation given by counsel, the motives of this transaction. It was known that a direct promise to pay and to receive would be a criminal offense. It was intended to make the matter safe, and to secure Tichenor, by putting the money where English could not get it back, and where Tichenor could have it, whenever the word was given to the innocent deposit-

ary. Suppose, then, that English, the next day, had desired to disaffirm his contract with Tichenor, how cóuld he have recovered the money from Rumsey? Rumsey had made an honest and lawful bargain, with no suspicion of illegality, and was bound to that bargain, and to no other. Clearly, then, English could not even, at that time, have recovered from Rumsey, unless it were in some proceeding to which Tichenor was also a party, and in which the whole original contract could be passed upon and set aside as illegal.

The findings of the referee do not distinctly show the terms on which Rumsey received the money, as detailed by the testimony.

We think, then, that the judgment should be reversed on law and fact, a new trial granted, referee discharged, costs to abide event.

Present — LEARNED, P. J., and BOOKES, J.; BOARDMAN, J., not acting.

Judgment reversed on law and fact, new trial granted, referee discharged, costs to abide event.