JOSEPH LIEBMAN, Plaintiff, *v.* LEONARD ROSENTHAL, Defendant.

Supreme Court, Special Term, Kings County, September 7, 1945.

*Robert L. Levinson* for defendant.

*Louis C. Foreman* for plaintiff.

HOOLEY, J. Motion by defendant for summary judgment pursuant to rules 113 and 114 of the Rules of Civil Practice.

The gravamen of the complaint is that plaintiff Liebman and his family, who were residents of Paris, France, and the defendant Rosenthal, who was also a resident of Paris, France, were sojourning at Bayonne, France, in the month of May, 1941; that the plaintiff was desirous of getting his family and himself to Portugal in order to escape the oncoming German Army; that the defendant represented that he was an intimate friend of the Portuguese consul in Bayonne; and that he, defendant, could and would obtain visas to Portugal for the plaintiff and his family but that he would have to give to such consul the equivalent of $30,000. The complaint further alleges that the plaintiff thereupon handed over to defendant six diamond bracelets and six diamond brooches of the value of $28,000 and went with the defendant to the office of the Portuguese consul for the purpose of making an application for the visas to Portugal; that defendant made no application of any kind for said visas to the Portuguese consul but instead absconded with the jewelry, and that he subsequently appeared in the city of New York where plaintiff met him and demanded the return of said jewelry.

The defendant denies these allegations. The basis of his application here is that, as a matter of law, the alleged agreement between plaintiff and defendant was criminal, immoral and illegal in that it provided that the defendant bribe the Portuguese consul. Defendant contends that where parties enter into an illegal agreement, they are deemed *in pari delicto* and plaintiff is not entitled to recover any consideration paid or transferred in furtherance of the illegal object.

In *Panto* v. *Kentucky Distilleries & Warehouse Co.* (215 App. Div. 511, 513) the opinion reads in part as follows: " The law will not enforce a prohibited contract. In *Morgan* v. *Groff* (4 Barb. 524, 526) the court said: ' There is a distinction between executory and executed illegal contracts. Where money has been paid on an illegal contract which has been executed

and both the parties are *in pari delicto*, neither of them can recover from the other the money so paid; but if the contract is executory, and the party paying the money is desirous of rescinding the contract, he may do so, and recover back his money by action of assumpsit for money had and received.' "

And again at page 514 of said opinion the following appears: " As said in *Pratt* v. *Short* (79 N. Y. 445): ' While the law will not enforce the prohibited contract, it will take notice of the circumstances, and, if justice and equity require a restoration of money or property received by either party thereunder, it will, and in many cases has, given relief.' "

From the complaint in the case at bar it appears that this contract was wholly unexecuted and that the action is not brought to enforce the contract but rather to obtain moneys paid to one who is alleged to have defrauded the plaintiff by false representations.

Moreover, it sufficiently appears from the complaint that the plaintiff's actions were motivated by the desire of saving the lives of himself and his family from the Hitlerian Army. If it be true that in such a situation this plaintiff delivered property in a large amount to the defendant, it may not be successfully contended that, acting under such pressure, the plaintiff was *in pari delicto* with the defendant upon whose representations and promises of action the plaintiff alleges he relied. There is no question of public policy involved in a case like this where a man is attempting to save himself from an enemy who has violated all the laws of civilization. Protection of one's self and one's family is among the first laws of nature and this court can appreciate that under similar conditions the most law-abiding man would enter into such an agreement as this plaintiff is alleged to have made. In the light of what we now know as to what happened in the internment camps of Germany and the cruelties and barbarities therein and the uncertainty of the fate of those in the path of the Nazi horde who might become lodged therein, who shall say that such a contract was against public policy? Rather it may be said that public policy should not permit the defendant to profit by what plaintiff maintains happened here.

The motion is in all respects denied.