## FOWLER *vs.* VAN SURDAM.

Though a party who has bet money upon the result of an election is entitled to re-
cover the same of the stakeholder, yet where the deposite was made in the bills of
a bank which failed before the suit was brought and no demand had been made
of the stakeholder and there was no evidence that he had parted with the bills, it
was held that he was only liable for the value of them at the time of bringing the
action.

An action against a stakeholder, to recover money deposited as a party to a bet, is
barred by the statute of limitations, unless brought within *three* years after the
cause of action accrued, such action being maintainable only by virtue of the
statute concerning betting and gaming.

ERROR to the Rensselaer common pleas. The cause originated
in a justice's court, where Van Surdam, in March, 1844, sued
Fowler for money held by the latter as a stakeholder, which the
plaintiff, who had staked it, sought to recover back. The decla-
ration contained the common counts in *indebitatus assumpsit*,
and a count averring that the defendant was indebted to the
plaintiff " in the sum of ten dollars received of the plaintiff on or
about the 10th day of October, 1840, contrary to the provisions
of article 3, chap. 20, title 8, of the first part of the Revised Stat-
utes." The defendant pleaded the general issue, and gave no-
tice that he would rely on the statute of limitations, and of other
special matter.

On the trial before the justice and a jury, it appeared that the
plaintiff and one Bratt, in the autumn of 1840, prior to the
general election, bet each other ten dollars on the result of that
election, and that bills of the Bank of Bennington to the amount
of ten dollars from each party were placed in the hands of the
defendant as stakeholder, and that after the election each party
claimed that he had won the bet.

The defendant proved that the Bank of Bennington was re-
puted to have been insolvent since the fall of 1842, and that at
the time of the commencement of the suit its bills were worth
nothing. The evidence of the insolvency of the bank was
objected to as not being the best which the case admitted, but
the objection was overruled.

The jury found a verdict for the defendant, upon which the justice rendered judgment, which was reversed by the common pleas.

*R. M. Townsend*, for the plaintiff in error.

*Oliver & White*, for the defendant in error.

*By the Court*, JEWETT, J. Although each party after the election, claimed that he had won the bet, neither of them at any time demanded or required the defendant to refund to him the money deposited. The eighth section of the statute "Of betting and gaming," (1 *R. S.* 662,) declares that "all wagers, bets or stakes made to depend upon any race, or upon any gaming by lot or chance, or upon any lot, chance, casualty, or unknown or contingent event whatever, shall be unlawful. All contracts for or on account of any money or property, or thing in action so wagered, bet or staked, shall be void." The ninth section provides, that "any person who shall pay, deliver or deposite any money, property or thing in action, upon the event of any wager or bet herein prohibited, may sue for and recover the same of the winner or person to whom the same shall be paid or delivered, and of the stakeholder or other person in whose hands shall be deposited any such wager, bet or stake, or any part thereof, whether the same shall have been paid over by such stakeholder or not, and whether any such wager be lost or not."

The plaintiffs having proved the deposite of ten dollars with the defendant in the character of a stakeholder, as a bet upon the event of an election to take place, prohibited by the statute, was *prima facie* entitled to recover in this action unless barred by the statute of limitations. The defence is, that the money staked was in bills of the Bank of Bennington, which although then worth their nominal amount, afterwards, and before any demand was made and before this suit was brought, became entirely worthless by the insolvency and failure of that bank; and that therefore, although the plaintiff might be entitled to the identical bills from the defendant on demand, yet having sued for

Fowler v. Van Surdam.

the amount, he is only entitled to recover the actual value of the deposite at the time of bringing the action. The argument submitted for the plaintiff in error concedes, that if the defendant had produced in court on the trial and tendered to the plaintiff the identical bills, though they were worthless, it would have been a legal defence. But as this course was not adopted by the defendant, it is claimed that he was liable for the nominal amount; and the case of *Thomas* v. *Todd*, (6 *Hill*, 340,) is relied on as establishing such liability. That case, however, only decides that where bills of an insolvent bank have been paid and received in the usual course of business, the party receiving them must return them or offer to do so, in a reasonable time, or he will be obliged to sustain the loss. In the case at bar, the defendant was simply a depositary of the bills, holding them for the use of the plaintiff, and in my opinion is only liable for their value at the time when they should be called for by the plaintiff, unless it appeared that he had disposed of them at some prior period. Being a depositary of the bills to hold or keep, not to use—the law, I think, presumes that the defendant had them on hand, and if the plaintiff's rights depended on the fact that he had passed them off, it lay with him to give the evidence of that fact. The defendant could safely repose on the ground upon which the presumption of law placed him. There was no evidence that the defendant had disposed of or used the bills ; but on the contrary it was proved by the plaintiff, that a short time before the suit was brought, he said he had the money and was ready to pay it over as soon as the parties agreed which was entitled to it. There was no evidence that the plaintiff at any time had called upon the defendant to withdraw his stakes, or that prior to the commencement of the suit he had repudiated the bet. The evidence of the insolvency or failure of the bank was properly admitted.

But if I am wrong in the foregoing conclusions, the question remains to be considered whether the plaintiff's action was not barred by the statute of limitations. That I think depends upon the inquiry whether this action is founded upon the statute "Of betting and gaming." One count of the declaration is un-

der that statute; and if the action cannot be sustained at com-
mon law, it follows that if sustained at all, it must rest upon the
provisions of the statute. I may, I believe, safely say, that
although there have been cases, both in our own and in the
English courts, conflicting somewhat upon the point whether
an action of this kind lay at common law, it is now regarded as
settled, that it is a wager, against the principles of sound policy
and therefore void; and that no action lies after the event has
happened and the bet has been lost and won, by either party
against the stakeholder to recover back his deposite. ( *Yates* v.
*Foot*, 12 *John, R.* 1; *Denniston* v. *Cook. id.* 376; *Rust* v. *Gott*,
9 *Cowen*, 169; *Brush* v. *Keeler*, 5 *Wendell*, 250; *McKeon* v.
*Caherty*, 3 *id.* 494.)

It follows then, that the plaintiff's remedy, if any, is upon the
statute; and the suit not having been brought within three
years after his cause of action accrued, is barred by the thirty-
first section of the statute of limitations, (2 *R. S.* 298,) which
provides, that " all actions upon any statute made or to be made,
for any forfeiture or cause, the benefit and suit whereof is limited
to the party aggrieved, or to such party and the people of this
state, shall be commenced within three years after the offence
committed, or the cause of action accrued, and not after."(*a*)

The judgment of the common pleas must be reversed, and
that of the justice affirmed.

Ordered accordingly.

(*a*) See *Freeland* v. *McCullough*, (*ante, p.* 414.)