Like *v.* Thompson.

SAME TERM.   *Before the same Justices.*

LIKE *vs.* THOMPSON.

A bet, on the subject of an election, is void at common law, as being against public policy.

Such a contract may be rescinded by either party, while it is executory, but not after it has been decided.

An action of trover will not lie, at common law, to recover from a stakeholder the value of a watch staked on the result of an election, where notice not to deliver the watch to the winning party was not given to the defendant till two weeks after the election; though at the time such notice was given, the watch still remained in the hands of the stakeholder.

THIS was a writ of error to the Rensselaer county court. Like sued Thompson in trover before a justice of the peace, to recover the value of a watch. The defendant pleaded the general issue. It appeared on the trial that Like and one Ambler had made a bet or wager of watches on the result of an election. The watches were deposited with Thompson as stakeholder. About a fortnight after the election Like gave notice to Thompson not to give up the watch to Ambler. It did not appear clearly from the evidence whether the watch had at that time been given up to Ambler; but the watch was given to Ambler by the defendant, and after being demanded, the suit was brought. The plaintiff recovered, before the justice, $18,50 and costs. On certiorari the judgment was reversed by the Rensselaer county court.

The plaintiff did not declare before the justice under the statute, and claimed only to recover at common law.

*A. Bingham,* for the plaintiff.

*J. H. Reynolds,* for the defendant.

*By the Court,* PARKER, J. The plaintiff does not seek to recover under the statute against betting and gaming (1 *R. S.* 665; 2 *Id.* 352;) but his counsel contends that, upon the facts proved, he was entitled to recover at common law. He claims that by the common law a party to a bet may rescind it and recover back the property, on giving notice to the stakeholder not to deliver it to the winner, at any time before it has been actually delivered. Such have undoubtedly been the English decisions. (*Cotton v. Thurland,* 5 *T. R.* 405. *Smith v. Birkmore,* 4 *Taunt.* 474. *Hastleton v. Jackson,* 8 *Barn. & Cress.* 221.) But I understand it to be now well settled, in this state, that a party to a bet can not recover back money or property deposited with a stakeholder, unless he gives notice not to pay it over, before the happening of the event on which the bet depends. (*Yates v. Fort,* 12 *John.* 1. *Fowler v. Van Surdam,* 1 *Denio,* 560. *Morgan v. Groff,* 4 *Barb. Sup. C. Rep.* 528.) Such a contract, being against public policy, is void; and while it is executory, may be rescinded by either party. But after the bet is lost or won, the stakeholder holding the property as the agent of the winning party, the contract is partially at least executed. Then the maxim *potior est conditio defendentis* applies, and the law will not relieve against an executed illegal contract.

In this case no notice was given to the stakeholder until a fortnight after the election. If, therefore, such notice was given before the watch was delivered to Ambler, which I by no means infer, from the evidence, it was still too late to rescind the contract. The plaintiff had suffered the property to remain unclaimed till the expiration of two weeks after the bet had been decided, by the result of the election.

The judgment of the Rensselaer county court must be affirmed, with costs.