Betts *a.* Hillman.

## BETTS *a.* HILLMAN.

*New York Common Pleas; General Term, May,* 1862.

ACTION FOR MONEY LOST AT PLAY.—SEVERAL JUDGMENT.—JUS-
TICES' COURTS.

In an action against partners to recover money lost in gaming, a recovery against
one of the defendants without amendment is regular.

In the case of moneys lost in gaming on several occasions, a separate action may
be brought for the amount lost at each sitting.

Recovery in a justice's court of money lost at play (1 *Rev. Stat.*, 662),—sustained.

Appeals from three judgments of a district court in the city
of New York.

These actions were brought by Frederick F. Betts against
Sherlock Hillman and one Mathews, to recover the sums of
$100, $150, and $200 respectively, for money lost at three
sittings, by a game commonly called faro. The defendant Math-
ews was not served; the defendant Hillman answered in each
of the actions, denying the allegations of the complaint. Judg-
ments were rendered in favor of the plaintiff, and against Hill-
man, in each of the actions.

In the second and third actions, Hillman moved at the trial
to dismiss the complaint, on the ground of a recovery of a part
of the same demand in the first action.

Hillman appealed.

*Torrance & Spaulding,* for the appellant.—I. The district
courts in the city of New York have jurisdiction only in the
actions specified in sections 53 and 54 of the Code. (*Laws of*
1857, ch. 344, § 3.) To give the court jurisdiction these must
be deemed actions on contract. Now by 2 Rev. Stat., 72, § 8
(4 ed.), "all contracts, &c., shall be void;" and by section 14 a
cause of action is created by statute. We submit that these are
not actions upon contract. (Meech *a.* Stoner, 19 *N. Y.*, 26;

Weyburn a. White, 22 Barb., 82; Bevins a. Reed, 2 Sandf., 436.) The court below had no jurisdiction of these actions.

II. No demand for the money was made. In Ruckman a. Pitcher (1 N. Y., 392), an action was sustained without a demand. The present case is distinguishable because here the plaintiff voluntarily paid the money, and in analogy to the doctrines of bailment and conversion, a demand was necessary before action.

III. The court below erred in severing the defendants. The judgment should have been against both defendants or neither, if our first point, that the action is not upon contract, is overruled; that is, 1. If the actions were ex delicto, the court had no jurisdiction. 2. If the actions were ex contractu, the court had no authority to sever. Such authority is given by Code, section 173, and does not apply to justice's courts. (Webster a. Hopkins, 11 How. Pr., 140; Gates a. Ward, 17 Barb., 424.) Before the Code, not even courts of record had authority to sever in actions ex contractu. (Graham's Pr., 95, and authorities there cited.)

IV. It was in any event irregular to render the judgment in its present form without amending and striking out the name of Mathews. This was not done.

V. A nonsuit should have been allowed in the second and third actions.

Daniel M. Porter, for the respondent.—I. These are actions of debt, and no demand was necessary. (Ruckman a. Pitcher, 1 N. Y., 392; Lewis a. Miner, 3 Den., 103.)

II. The court would also have jurisdiction of these actions as actions for a penalty. (Code, § 53, subd. 3.)

III. Inasmuch as the action was based upon crime, the defendants were tort feasors, and a several judgment was regular.

IV. The transactions are independent, each action being for money lost at one sitting.

By the Court.*—Brady, J.—The right of the plaintiff to recover the money lost depends upon the statute, there being no

* Present, Daly, F. J., Hilton and Brady, JJ.

remedy at common law. (Ruckman *a.* Pitcher, 13 *Barb.*, 556; Meech *a.* Stoner, 19 *N. Y.*, 26 ; Weyburn *a.* White, 22 *Barb.*, 82.) The action by the statute must be brought against the winner or person to whom the money shall be paid or delivered. (1 *Rev. Stat.*, 662, §§ 9–14.) The money lost by the plaintiff in this case was not paid or delivered to the defendant, unless paid to him as the partner of Mathews, the co-defendant (who was not served with process), and by Mathews, or through his agency. Nor was the defendant Hillman the winner of the money unless he was the sole proprietor of the house in which the game was played, and the defendant Mathews a mere servant or dealer. The proof shows that Hillman's name was on the door of the premises, and that he was in and about the room when the money was lost. He did not set up as a defence in this action that Mathews was his partner, or that he did not alone receive the money. His answer was a denial of the allegations in the complaint substantially. The complaint did not charge the defendants as partners, but that upon information and belief the defendants were the winners, and " that the plaintiff paid the money to the defendants personally, or through their agents, in such manner that the defendants received said money so lost." The proof given on the trial that Mathews was a partner, consisted entirely of the declaration of the defendant Hillman to that effect, when addressed about the plaintiff's loss. Such evidence could not affect Mathews, who, not having been served with process, was not before the court. The conclusion to be drawn from this testimony is that Mathews was a dealer and Hillman the proprietor of the establishment. If it were not so, it was the duty of the latter to show it, as he could have done by his own evidence or that of Mathews. He did not deem it necessary to offer any proof, and the case comes to us on that furnished on behalf of the plaintiff. The defendants in this case are *tort feasors.* They were both engaged in an unlawful business, and as wrongdoers judgment could be rendered against one if both had been served with process. (Moon *a.* Eldred, 3 *Hill*, 104 ; Finn *a.* Timpson, 4 *E. D. Smith*, 276.) And there can be no doubt of the right, and that it was the duty, of the justice to find against the defendant in court. That defendant did not deny the receipt of the money when spoken to by plaintiff and his witness; he

simply declined to restore it without consulting his partner, as he called him.

.I think the judgment must be affirmed.

The appeals in the second and third actions were determined at the same term. The opinion of the court in the second action was as follows:

BY THE COURT.—BRADY, J.—The objection that several actions were pending, was not one for which a nonsuit should have been granted. The transactions were independent, and, partaking of the nature of a tort, were not strictly that kind of a demand, the splitting up of which for the purpose of various suits is not tolerated.

In this case, and in the case No. 3, the same conclusions on the other questions are arrived at, as expressed in No. 1. There is no material difference in the facts proved.

The judgments must be affirmed, therefore.