### McDOUGALL vs. WALLING.

The right to recover for money lost in betting is a demand arising on contract, and may be set up as a counter-claim, under section 150, subdivision 2, of the Code of Procedure.

The right of action for money lost in betting is assignable.

IN February, 1865, McDougall the plaintiff made a bet with the defendant Walling, that Jefferson Davis' government would have their commissioners in Washington within a fortnight to negotiate a peace. If the southern commissioners should not be in Washington in a fortnight, McDougall the plaintiff should lose the stake of $100, and if such commissioners should be in Washington within that time, the defendant Walling should lose his $100. Each party to this suit deposited $100 in the hands of one Pentland, to await the contingency. After two weeks expired, it was conceded that Jefferson Davis' commissioners were not in Washington, and the plaintiff McDougall directed Mr. Pentland to surrender the $200 to the defendant Walling, and it was supposed that all parties were satisfied, as they then were. But in June, 1865, the plaintiff employed an attorney to commence this suit. The defendant hearing that he was to be sued, purchased of one Clark a claim against the plaintiff amounting to $100 and interest, which arose under the following circumstances: In 1860, the plaintiff made a bet with Clark, that the democratic majority in New York and Brooklyn in November, 1860, would be thirty-five thousand; McDougall (the plaintiff) and said Clark each deposited $100 in the hands of one Fuller, as stakeholder, and after the November election in 1860, Fuller the stakeholder decided that McDougall was entitled to the stakes, and the $200 were paid over by Fuller to McDougall. When the defendant in this suit received an intimation that this suit was to be commenced, he applied to Clark to buy his (Clark's) claim against the plaintiff for the $100 that McDougall had won from Clark. Clark thereupon, before the *commencement*

McDougall *v.* Walling.

*of this suit,* sold to the defendant his claim against the plaintiff for the $100, which the plaintiff had won from him, and when this suit was brought the defendant pleaded it as a counter-claim against the plaintiff's demand, for which this suit is brought. The plaintiff demurred to the defendant's counter-claim ; the demurrer was argued before Justice CLERKE at special term, who overruled the demurrer ; delivering the following opinion :

CLERKE, J. " Since the decision of the Court of Appeals in *Meech* v. *Stoner,* (19 *N. Y. Rep.* 26,) it cannot be doubted that the right of action for money lost in betting is assignable. That action was for money lost in gaming ; but there is no distinction in principle which could make the one not assignable and the other assignable. The only question, therefore, remaining in this case is whether the right to recover for money lost in betting can be set up as a counter-claim under the second subdivision of section 150 of the Code of Procedure. Does it arise on contract ? I think it does. It belongs to that species of implied contracts to pay such sums of money as are charged upon every citizen by the sentence or assessed by the interpretation of the law. In this sense a man is bound by an implied contract to pay judgments recovered against him. In the same way the law implies a contract to a pay a penalty, to abide by a forfeiture and an amercement. These implied contracts give a right of action, *ex contractu,* against the party against whom these judgments have been recovered or penalties imposed. So, in the present case, the law declares that the plaintiff had no right to receive the amount in question. Having no right to receive it, he is bound to return it to the owner, the person from whom he won it. In other words, the law imputes an implied contract that this money should be restored by the person who unlawfully obtained it.

Demurrer overruled, with costs ; with leave to plaintiff to reply within twenty days on payment of costs of demurrer."

From this decision the plaintiff appealed to the general term.

*S. H. Harris,* for the appellant. I. The Revised Statutes declare all bets upon unknown or contingent events unlawful, and all contracts for, or on account of any money or property, or thing in action, so wagered, bet or staked, shall be void. (1 *R. S.* 662, § 8.) The bet constituting the defendant's counter-claim was therefore illegal, and the agreement to pay to the winner of the bet the money, as averred in the counter-claim was void. The bet related to a public election, and was void at common law, as against public policy, before the statute was passed. (*Lansing* v. *Lansing,* 8 *John.* 454. *Vischer* v. *Yates,* 11 *id.* 23. *Rust* v. *Gott,* 9 *Cowen,* 169. *Brush* v. *Keeler,* 5 *Wend.* 250.)

II. 1 Revised Statutes, 662, section 9, gives the loser the right to sue the winner for the money paid him upon the event of the bet. Without this provision, no action could be maintained by the loser after the money was paid to the winner. The reason was that both parties had participated in an illegal act, and were equally guilty, and the law left them as guilty parties without relief. The winner being in possession, his condition was the best, and he was permitted to retain the money won. The design of the 9th section, giving the loser this right of action, was to compel the winner to restore his ill gotten gains. The theory of the statute is, that the winner unlawfully retains whatever has been paid to him ; and that its retention by the winner may not be an encouragement to vice, the loser has this statute right to sue.

III. The defendants' counter-claim is not available as a defense. It does not arise on contract. The word contract, in section 150 of the Code, subdivision 2, does not embrace a simple statute right to sue for moneys lost in an illegal transaction. It means contracts in the usual sense of that term— a debt or damages arising out of contract. The cases of *R. F. H.* v. *S. H.* (40 *Barb.* 9 ; *The Mayor* v. *The Parker*

McDougall *v.* Walling.

·*Vein Co.*, (12 *Abb.* 300 ;) *The Zenia Bank* v. *Lee,·* (7 *id.* 389, 390,) hold that the word contract in subdivision 2 of section 150 of the Code does not refer to duties raised by law, where in truth no contract exists. The obligation of an innkeeper to respond in damages for the goods of his guest that may be stolen, is a duty raised by law ; but it cannot be said to arise on contract. On the contrary, it is always classed among demands *ex delicto ;* so an action for a false warranty.

All acts or omissions which the law recognizes as the subjects of its provision or application in civil actions, are either contracts or torts ; contracts are agreements express or implied ; torts are injuries or omissions done to· individuals. Injuries may be by nonfeasance, not doing that which it was a legal duty to perform. In this case, if the statute raises an obligation that the winner repay the money, his failure to do so is a nonfeasance, in regard to an obligation the law imposes upon him. The winner wrongfully retains the money won. This is an injury, and comes under the classification of torts. (1 *Hilliard on Torts,* 2. *Chitty's Gen. Prac.* 8. *Betts* v. *Hillman,* 15 *Abb.* 184. *Bevins* v. *Reed,* 2 *Sand.* 486. *S. C.* 40 *Barb.* 9, 10.) If it were conceded that the statute giving a right of action for money lost upon a bet raises a duty that the winner repay the same, it would not by any means follow that this duty is a contract within the meaning of section 150 of the Code. The learned justice at special term cited a judgment, as an illustration. A judgment is a debt of record, but a mere right to sue is not of itself a debt, nor is it a demand. It is simply what the statute says it is, " The right to sue." · (*Jacobs' Law Dict.* " *Debt."* 3 *Black. Com.* 154. 1 *R. S.* 622, §§ 8 *and* 9. *Denny* v. *Man. Co.,* 2 *Hill,* 220.) Debt imports a sum due upon contract, express or implied. (2 *Hill,* 220.) This right to sue may be assigned. So may a right of action for the conversion of personal property ; both rights of action, however, arise from a wrongful act committed. In one case it is a conversion of personal property. In the other the conversion of the money

belonging to another. But it is an error to say that the statute raises any duty of the nature of a contract that the winner repay the money. When a judgment is recovered against him, that judgment may raise a contract obligation to pay it, but the loser's simple right to sue does not. The winner unconscientiously retains the money won. He illegally came into the possession of it. The statute gives the loser the right of action for what is illegally retained by the winner. (*See Bevins* v. *Reed*, 2 *Sandf.* 436.) The law may imply a contract to pay a penalty or abide by a forfeiture, because the one or the other may be imposed as a condition of receiving or accepting the benefit of transactions which are illegal. This is not such a case. The loser's right to sue is not for a penalty or forfeiture. The counter-claim is not based upon any implied contract of the winner to pay. It is the right to sue under the statute that is the subject of the counter-claim. Whatever may be the nature of the obligation of the winner to pay, it is very certain that the *loser's claim* is simply a *right to sue.*

IV. There being no right of action except by statute, and the statute giving the loser only the right to sue, is not available as a defense. The case of *Bevins* v. *Reed*, (*supra*,) decides expressly that such a claim as is here set up as a counter-claim cannot be thus used, but can only be enforced *by an action against the winner.*

V. Assumpsit does not lie to recover of the winner the money lost. (*Bevins* v. *Reed*, 2 *Sandf.* 436. *McKeon* v. *Caherty*, 1 *Hall*, 300.) The transaction being unlawful, the winner is a tort-feasor, and the claim against him partakes of the nature of a tort. (*Betts* v. *Hillman*, 15 *Abb.* 184, 187.) This case holds that the illegal transaction partakes of the nature of a tort.

The case of *Meech* v. *Stoner*, (19 *N. Y. Rep.* 26,) holds that the retention of the money by the winner is a wrong done to the estate of the loser, and that the recovery by the loser is for the wrong. This case virtually places the winner's

right of recovery upon the same ground as an action for the wrongful detention of property, which is an injury or tort, and not the subject of counter-claim according to the whole course of decisions since the Code was enacted.

VI. Our proposition on this appeal may be stated in a word : That the plaintiff's action is for a wrong done to his estate, and that the defendant's counter-claim is for a similar wrong done by the plaintiff to the estate of the defendant's assignor, and that such rights of action cannot be set off against each other, as they do not arise out of the same transaction ; both parties are tort-feasors. (40 *Barb.* 9. *Henry* v. *Henry*, 17 *Abb.* 411.)

*E. J. Sherman*, for the respondent. I. The counter-claim of $100 pleaded by the defendant was assignable. Clark had a valid claim for that sum, against the plaintiff — a claim recognized by statute, and for which he could have brought his action against the winner, the plaintiff, as well as against Fuller, the stakeholder. This question is fully discussed and has been settled by the Court of Appeals in *Meech* v. *Stoner*, (19 *N. Y. Rep.* 26.)

II. The statute expressly declares *void* all contracts of the kind made between the plaintiff and Clark. (*See* 1 *R. S. Edm. ed. p.* 614, § 8, *and authorities there cited.*) The contract being void, no one except Clark could have any title to the $100 that Clark deposited with the stakeholder Fuller. When it was paid over by Fuller to the plaintiff, it still was so much money belonging to Clark, in the plaintiff's hands. Clark could assign and transfer his claim to it to the defendant in the same manner as any other claim.

III. The plaintiff may contend that the statute only gives the right of action to Clark to sue for this money ; this is true. This counter-claim is not pleaded upon or by permission of any statute. This counter-claim is simply a claim for so much money once belonging to Clark in the plaintiff's

hands, and sold by Clark to the defendant, and now owned by him the defendant.

IV. If the plaintiff held in his hands $100 belonging to Clark, the law raises an implied promise, *i. e.* a contract by the plaintiff to pay it to Clark. Clark can assign this claim to any person; he has assigned it to the defendant.

V. It is submitted with great confidence that there is no distinction in principle between the rights of the parties in the case of money lost or won at betting, and the case of money lost or won at gaming. The right to sue is good in both cases by statute to the loser, the whole transaction being void.

*By the Court*, LEONARD, P. J. The opinion of Judge CLERKE in this case, when before him at special term, is entirely satisfactory.

The winner of money by betting or gaming has so much belonging to the loser. The winner cannot defend himself against the claim of the loser by virtue of the gaming or betting contract under which he acquired the money, because the statute says the contract is void. The winner has so much of the money of the loser to which he has no title. The winner is in the condition of one who has found a sum of money belonging to another. There is an implied contract to pay it to the loser. So when money has been obtained by fraud or violence, the injured party may waive the wrong, and sue as upon a promise, the law implying a promise from the moral obligation. The injured party has a choice of forms of action.

The statutes against betting and gaming demand a liberal construction. They are remedial, not penal.

I think the defendant's counter-claim should be held to be a demand arising on contract. Whenever the loser chooses to bring his action for money lost by betting or gaming, in form *ex contractu*, the action is properly brought. The case of *Meech* v. *Stoner*, (19 *N. Y. Rep.* 26,) settles not only

that the cause of action in such a case is assignable, but also that the demand for money lost at gaming is a debt. The same principles apply also to betting.

The judgment should be affirmed, with costs.

[NEW YORK GENERAL TERM, April 1, 1867. *Leonard, James C. Smith* and *Ingraham,* Justices.]