## N. Y. SUPERIOR COURT.

WILLIAM KERN, and others agt. JOHN RACKOW.

On a motion to discharge a defendant from *arrest*, the order of arrest or a copy thereof, and the papers upon which it was founded must be presented to the court, an affidavit stating generally their contents is not sufficient.

A defendant cannot move for an order to discharge him from arrest, before he has been actually arrested by the officer.

*Special Term March*, 1873.

MOTION by defendant to vacate order of arrest.

VAN VORST, J.—Neither the order which is sought to be set aside, nor the papers on which it was granted are brought before me on this motion.    The allegation in the affidavit of the attorney for the defendant, with respect to the papers he understands to be in the sheriff's hands for the defendant's arrest, do not apprize the court of their contents, nor by whom, when, or for what cause the order supposed to exist, was made.

Until there be an examination of the papers by the court it cannot be determined that the order was irregularly made, but the presumption would rather be in favor of its regularity.

Upon the vague statement of the defendant's papers, no relief can be granted him on this motion.    He must bring before the court the order, or a copy with the affidavits and papers upon which it is founded.

The defendant has not yet been arrested, nor has any attempt been made to interfere with him by the sheriff.

Kern agt. Rackow.

Section 204 of the Code provides that "a defendant arrested" may apply to vacate the order of arrest.

This would seem to imply that such relief could not be asked before the order is actually served, when defendant will be in a position to know the true grounds of his arrest and can intelligently bring his case before the court.