# NEW YORK SUPERIOR COURT.

## SARAH J. GEDNEY agt. EMIL HAAS.

*Motion to vacate order of arrest before its service.*

A motion to vacate an order of arrest before it is served, and before the service of the summons and complaint on the defendant, founded upon a single affidavit only, that the plaintiff has no cause of action and that the bail is excessive, is premature.

Such an application cannot be helped out by the aid of section 324 of the Code, as that section is found in the chapter on appeals, and relates to that subject without any reference to the subject of arrest.

*At Special Term, November,* 1875.

THIS is a motion made, on behalf of the defendant, to vacate an order of arrest granted in this action, by a judge of this court, before service thereof, and of the summons accompanying the same ; or to reduce the amount of bail. To obtain a standing in court, defendant appeared generally in the action, and demanded service of a copy of the complaint.

FREEDMAN, *J.*—Neither the order which is sought to be set aside, nor the papers on which it was granted, were brought before me ; and the motion is based exclusively upon an affidavit to the effect that the plaintiff has no claim against the defendant ; and that the amount of bail which defendant says is required by the order is excessive.

Such a motion ought not to be encouraged at this stage of the case.

Section 204 of the Code provides that a defendant arrested may, at any time before judgment, apply, on motion, to vacate the order of arrest, or to reduce the amount of bail.

Gedney agt. Haas.

Under section 183, the defendant has, in all cases, twenty days after the service of the order of arrest in which to answer the complaint in the action, and to move to vacate the order of arrest, or to reduce the amount of bail. But in case judgment is docketed in the action before the service of the order upon the defendant, as provided by law, the order is of no avail, and may be vacated or set aside on motion.

These provisions clearly show that no right of relief was intended to be conferred before the actual service of the order, except in case judgment was recovered before such service, in which case the defendant may elect to defeat either the order or the judgment.

Upon making the arrest, the sheriff is bound to deliver to the defendant a copy of the order and of the affidavit upon which it was granted (*sec.* 184); and, within ten days after the arrest, he must file the original with the clerk (*Rule* 6).

As soon as the defendant can bring before the court the copies so served upon him his liability to arrest may be inquired into on a full hearing, either on the papers as served or on the merits. If he be in actual custody the inquiry may be had on short notice, pursuant to an order to show cause.

But up to this time the presumption is in favor of the regularity of the order.

The defendant insists, however, that his application is regular under section 324, which provides that an order made out of court may be vacated or modified, without notice, by the judge who made it; or may be vacated or modified, on notice, in the manner in which other motions are made.

This section forms part of the first chapter, entitled " appeals in general, " of title 11 entitled " of appeals in civil actions." It treats of two classes of applications for the vacation or modification of orders, and provides for the manner in which they may be entertained by the court or a judge, whenever the right to make them exists. But beyond this no right of application is created, nor is any time specified

within or at which such right may or must be exercised. The defendant, therefore, cannot claim that this section confers upon him a general and unlimited right of application, in opposition to the other sections of the Code which expressly create, regulate and restrict such right. This would be repugnant to the rules which govern in the construction of statutes. In *Cayuga County Bank* agt. *Warfield* (13 *How.*, 439), the report does not show that the motion was made *before* service of the order.

It may well be that, independently of sections 183 and 204, the court possesses inherent power, on motion, to vacate an order of arrest granted by one of its judges. But, if such power exists at all, it exists as part of the general power, which every court of record possesses, unless restrained by positive enactment, to vacate, on motion, its judgment, or process to prevent a perversion thereof, or frustrate oppression. It is a power, the exercise of which calls for the employment of great caution and discrimination, and which, for that reason, is exercised in extreme cases only. The defendant has not presented such a case. He claims that the plaintiff has no cause of action against him, and, consequently, his objections go merely to the merits of the action and the sufficiency of the grounds upon which the order of arrest has been obtained. He also complains that too much bail is required. The plaintiff, on the other hand, claims, by affidavit, that she has a good cause of action, and good grounds for an arrest; and that the amount of bail required is not excessive. Neither side produces the papers on which the judge has acted. The defendant cannot do so, and the plaintiff is not bound to submit them. Under these circumstances, I am compelled to hold that no case is made out for the interference of the court before the execution of the order.

Defendant's motion must be denied, with ten dollars costs, but without prejudice to a renewal thereof after arrest made.