Glen's Falls Paper Company agt. White.

## SUPREME COURT.

THE GLEN'S FALLS PAPER COMPANY agt. WILLIAM H. WHITE.

*Arrest— What is a fine or penalty as used in subdivision 1 of section 549 of the Code of Civil Procedure.*

In an action brought to recover a debt owing the plaintiff by an association, upon the statute making the trustees of the association who fail to file a report liable for the debts of the association :

*Held*, that, the liability to pay such debt is not a fine or penalty in the sense in which those terms are used in subdivision 1, section 549 of the Code of Civil Procedure, so as to subject the party to arrest.

To subject a party to arrest the cause of action must be a fine or penalty, and not something of a penal character.

*Saratoga Special Term, December*, 1879.

*I. & C. M. Mott,* with *S. S. Brown,* for motion.

*Leon Abbett* and *G. H. Crawford,* opposed.

POTTER, *J.*— This is a motion for an order to arrest the defendant.

The action is brought to recover of the defendant a debt owing the plaintiff by the Evening Mail Association for paper, upon the statute making the trustees of an association who fail to file a report liable for the debts of the association.

It must be assumed, upon this motion, that the report filed by that association was not a full compliance with the law, and that the defendant has become liable to pay the debt due from the association to the plaintiff, in consequence of such default.

The plaintiff contends that the liability to pay such debt is a penalty, and that an order of arrest may issue under subdivision 1, section 549 of the Code of Civil Procedure. Plaintiff relies mainly upon the case of *Merchants' Bank* agt. *Bliss* (35 *N. Y.*, 412) to support that view.

The question in that case was, which statute of limitations was applicable to a liability of the trustees of an association failing to file the report required. The court held that the limitation of three years applied to this kind of liability, under subdivision 2, section 92 of the Code of Civil Procedure. That subdivision has relation to an action upon a statute for a penalty or forfeiture, where the action is given to the party aggrieved, or to such party and the people of this state, &c.

It was held in that case that the action should have been commenced within three years.

Is this liability a fine or penalty in the sense in which those terms are used in subdivision 1, section 549 of the Code of Civil Procedure?

The definition of a penalty found in Bouvier is, " a pecuniary punishment; a sum of money imposed by statute to be paid as a punishment for the commission of a certain act."

Generally, if not universally, statutes imposing a penalty fix the amount of the penalty and prescribe who may bring the action, and how the sum recovered or the penalty should be disposed of.

It will be observed that the statute in question does not fix the amount, nor, in terms, prescribe who may bring the action. It simply makes all the trustees of a corporation jointly and severally liable for its debts if a majority of its trustees, with its president and secretary, fail to file a report in the form prescribed by the statute authorizing the formation of such corporation.

The object of the statute is manifest. It was to afford the persons associated for certain purposes, conveniences in the transaction of their business, and certain immunities and exemptions from personal liability incurred in such business, which, except for such incorporation, would attach to each of said associates. But the privilege was granted only upon the observance of certain conditions, one of which was the filing of an annual report showing the pecuniary condition and

responsibility of the association, aside from the personal pecuniary condition of the association, which all persons dealing with individuals may easily ascertain.

In other words, the statute allows persons to incorporate, but will afford them no other immunity than partners enjoy, unless the persons composing the corporate association make their report and give the information prescribed. In this aspect it is not a penalty proper, but simply a provision retaining the common law liability of copartners or associates in business.

The case above referred to does not declare this liability a penalty proper, but calls it a penalty or a disability in that nature.

Similar language is used in many of the reported cases in relation to this liability.

The court, in *Whitney Arms Company* agt. *Barlow* (63 *N. Y., p.* 67), use this language :

"But the statute is in one sense and for some purposes, as adjudged by this court, of a penal character in so far as it subjects the trustees to liability for the debts of the corporation."

To subject a party to arrest the cause of action must be a fine or penalty, and not something of a penal character.

I am not disposed to order the arrest of a citizen in a doubtful case or to strain a statute in that direction, certainly not to the extent of calling a debt a penalty for the sake of an arrest while the law has wisely and humanely abolished imprisonment for debt.

Motion denied, but as the question is new and has arisen from equivocal language in the decision of the courts it should be granted, without costs of motion.