## N. Y. SUPERIOR COURT.

GEORGE W. TOMPKINS, sometimes known as S. P. FULLER, plaintiff and appellant, agt. ALFRED F. SMITH and others, defendants and respondents.

*Arrest — Action to recover money lost in gambling — No right to arrest in such action — Code of Civil Procedure, section 549.*

In an action brought under the provisions of the Revised Statutes to recover moneys alleged to have been lost in gaming, the defendant is not subject to arrest, as the statute does not expressly give the right of arrest; and it would be a forced and improper construction to say that the case was brought within the provision of section 549 of the Code, which gives to a plaintiff the right to arrest a defendant where the action is for "an injury to property including the wrongful taking and detention or conversion of personal property."

*General Term, February*, 1882.

*Before* FREEDMAN, ARNOUX *and* RUSSELL, *JJ.*

APPEAL from an order of the special term vacating an order of arrest.

The action was to recover the sum of $31,030, alleged to have been lost in gaming.

Upon the complaint and an affidavit reciting the loss and payment of sums amounting in the aggregate to the sum claimed, at the game of faro, an order of arrest was granted, which was afterwards, upon motion, and upon the same papers upon which he had granted it, vacated by the same judge.

*L. E. Chittenden*, for appellant.

*Douglass Campbell*, for respondent.

RUSSELL, *J.*— The order of arrest was vacated on the theory that the law does not authorize an arrest in such a case as this. It was claimed on the argument, by the appellant, that the order of arrest ought to have been maintained, because the retention by the defendants of the moneys sued for brought the case within the second subdivision of section 549 of the Code of Civil Procedure, which gives to a plaintiff a right to arrest a defendant where the action is for " an injury to property, including the wrongful taking, detention or conversion of personal property." The appellant's contention was that the action sounded in tort; the respondents contended that it sounded only in contract, raised or implied by the statute, which gives the right of action. There can be no doubt that no right of action existed at common law to recover back moneys lost in gaming. The extent to which the courts went was to hold that the law would not enforce such contracts. The action is solely a creature of statute. Our first statute on this subject was the act of 1801 (1 *Rev. Laws of* 1813, *p.* 153, *chap.* 46), which, following the statute of Anne, gave an action of debt as for money had and received to recover back moneys lost at play. This was followed by the provisions of the Revised Statutes (*sec.* 14 *of art.* 3 *of chap.* 22 *of part* 1),

Tompkins agt. Smith.

which is, "every person who shall, by playing at any game, or by betting on the sides or hands of such as do play, lose at any time or sitting the sum or value of twenty-five dollars or upwards, and shall pay or deliver the same or any part thereof, may, within three calendar months after such payment or delivery, sue for and recover the money or value of the things so lost or paid or delivered from the winner thereof."

Were the act of 1801 still in force, it would be quite clear that the appellant's contention could not be sustained, because that act distinctly says the action should be " of debt as for money had and received." But the appellant claims that inasmuch as the Revised Statutes have omitted the words " an action for debt, &c.," that the nature of the action has been changed by statute, or may be changed at the option of the plaintiff, and that while he may still sue as for money had and received, he may also sue in tort and insist that his action should be regarded as for the tortious detention of personal property.

It is of some significance against this contention that it is novel, and that the form of the actions reported in the books since the Revised Statutes were adopted, has remained the same as it was before, at any rate, until the adoption of the Code of Civil Procedure, since which time it has become customary to state the cause of action according to the fact, rather than according to the old forms of pleadings.

An examination of all the authorities cited on the argument and a somewhat extended research on our own part have not enabled us to find a single case in which a plaintiff claimed the right of arrest, and none before the Code of Civil Procedure was adopted, in which the form of the action was other than that of debt for money had and received. From this it would seem to have been the theory of the counsel who drew the pleadings in all these cases that while the words "action of debt, &c.," had been omitted from the Revised Statutes, they had been so omitted rather because they were no longer regarded as necessary than because there was a

design on the part of the legislature to alter the form of the action or the rights and remedies of the parties under it

All these cases on the part of both counsel and court seem to have proceeded upon the theory that the law created an implied contract on the part of the person receiving money lost at gaming to return the money to the person who had lost it; or that as the money was received without consideration, the statute had removed the bar to the loser's recovery theretofore existing, because the loser was in *pari delictu* (*Meech* agt. *Stoner*, 19 *N. Y.*, 26; *Caussidiere* agt. *Beers*, 2 *Keyes*, 198; *Morgan* agt. *Groff*, 4 *Barb.*, 524; *Like* agt. *Thompson*, 9 *Barb.*, 315; *Fowler* agt. *Van Surdam*, 1 *Denio*, 557; *Standard* agt. *Eytinge*, 5 *Robt.*, 90; *Botts* agt. *Hillman*, 15 *Abb. Pr.*, 184; *Moran* agt. *Morrissey*, 18 *Abb. Pr.*, 131; *Betts* agt. *Bache*, 23 *How. Pr.*, 197; *Collins* agt. *Ragrow*, 15 *Johns.*, 5).

Without the statute the loser would have no remedy whatever, and as the statute gives him whatever rights he has, its construction ought not to be forced or extended beyond its natural effect. More especially is this the case when to so extend it would be in conflict with the whole tendency of our decisions, which insist upon strict construction of laws which imperil or in any way interfere with the liberty of the citizen.

Courts ought not to feel at liberty to legislate into statutory actions rights and remedies not clearly contemplated by the statute itself. Indeed, the Code expressly says (*sec.* 548): " A person shall not be arrested in a civil action or special proceeding except as prescribed by statute."

If we should consider this question so far as it is influenced by analogy to other actions given by statute, we think a most careful examination will fail to find any case where a statute gives a right of action, not otherwise existing, in which the extraordinary remedy of arrest is permitted, unless it is given by clear enactment. Wherever it is the intention of the legislature to give a right to an extraordinary remedy, that

Tompkins agt. Smith.

intention is either clearly expressed in the statute itself or in the Code of Civil Procedure. For instance, in all those cases where a statute imposes a penalty to be sued for in a civil action, it is expressly provided in the Code (*sec.* 549, *sub.* 1) that an order of arrest may issue.

That there is nowhere any express provision of the statute authorizing an order of arrest in an action to recover moneys lost at play, is, we think, almost conclusive of this controversy. That the forms of pleading have been altered by the Code does not affect the question. The weight of authority is in favor of regarding the action as one of contract rather than of tort. But if we regard it, as we may, as sounding neither in contract nor in tort, but simply statutory, then, as the statute does not expressly give the right of arrest to enforce it, we think it would be a forced and improper construction of the section of the Code of Civil Procedure above quoted, to hold that this case comes within its provisions.

We agree with the learned judge at special term that, inasmuch as it was not a matter of favor to the defendant, but of strict right under the law, that the order of arrest should be vacated, the court had not the power to impose as a condition that the defendant should stipulate not to bring an action for malicious prosecution.

The order should be affirmed, with costs.

FREEDMAN and ARNOUX, JJ., concur.