## WILLARD v. DORAN & WRIGHT CO., Limited.

*(Supreme Court, General Term, Third Department.* May 17, 1888.)

REFERENCE—MAY BE HAD, WHEN—ACTION FOR MONEY LOST ON A WAGER.

     An action to recover money lost on a wager does not arise out of contract, either express or implied, and a reference, being permissible only in actions *ex contractu,* cannot be had therein.

Appeal from special term, Rensselaer county; STEPHEN L. MAYHAM, Justice.

Action by William M. Willard against Doran & Wright Co., Limited, a corporation of the class known as "limited liability companies," to recover money lost and paid on wagers. Order referring the issues to a referee, and defendant appeals.

Argued before LEARNED, P. J., and LANDON and INGALLS, JJ.

*Edwin Countryman,* for appellant. *Smith & Wellington,* for respondent.

LEARNED, P. J. The opinion of the learned justice who granted the order of reference shows that the principal ground taken by the defendants before him was that the action was one for penalties or forfeiture. On this appeal, however, the defendants urge, rather, that the action is not on contract and therefore that it cannot be referred. *Townsend* v. *Hendricks,* 40 How. Pr. 143. The learned justice, following the language of *McDougall* v. *Walling,* 48 Barb. 364, speaks of defendant's liability as on "an implied contract." There has been some inaccuracy in the use of this phrase. If it is applied only to cases in which parties enter into a real contract, but without express words, then it is accurately used. If A. borrows money of B., he really agrees to pay it, although he does not expressly say so. But, in a case like the present, there is no contract to repay the money, either express or implied; and to call the liability an "implied contract" gives an incorrect idea of the nature of the liability. Such use of this phrase probably arose under the old forms of pleading, when the action of *assumpsit* was found so useful. It was necessary in that action to allege a promise, while the action often lay in cases where no promise had been made. The civil law writers found the difficulty of attempting to classify actions into those *ex contractu* and those *ex delicto.* Therefore they made two other classes, viz., *quasi ex contractu* and *quasi ex delicto.* Thus they said that the action to recover back money paid by mistake was *quasi ex contractu;* for the party was so far from being bound by a contract that he was bound rather *ex distractu* than *ex contractu,* because money paid was rather to dissolve than to form a contract. Just. Inst. bk. 3, tit. 27, § 6. Similarly, in this case, the defendant made no contract to pay the plaintiff the money demanded. The actual contract between the parties, even if valid, would not be that which the plaintiff seeks to enforce. He claims that the defendant has money of his which, in justice and good conscience, the defendant should return. This right of action is not unlike the action to recover money paid by mistake. In each the money is paid voluntarily; in each it is unjust for the defendant to retain that which he has received; in neither has he agreed to return it. We might then class this as an action *quasi ex contractu;* for there is no agreement to return the money, which would give an action *ex contractu.* And, on the other hand, possession of the money was not obtained by force or fraud, and thus the action is not strictly *ex delicto.* It may be said that as the betting was unlawful, and the contract of betting void, therefore the receipt of money by defendant from plaintiff was tortious. *Betts* v. *Hillman,* 15 Abb. Pr. 184. Yet it may be a forced use of that word to say that payment voluntarily made, without deceit or fraud or misrepresentation, was obtained tortiously. It seems hardly necessary to take that view. If this is not an action *ex contractu,* it cannot be referred; and, to determine whether it is such an action, we must look at

the facts, and not at any forms of pleading. We are not to imply a contract where there is none, in order to refer the case. It might be said with equal propriety that, when one has committed an assault and battery on another, the law raises an implied promise that he shall compensate the injured party. It is useless and mischievous to argue on implied contracts, which the parties never made or thought of. *Meech* v. *Stoner*, 19 N. Y. 26, only decided that such a cause of action is assignable. *Betts* v. *Hillman, ut supra,* held that in such an action a recovery could be had against one of two partners, and that the defendants were tort-feasors. *McDougall* v *Walling, ut supra,* held that one such cause of action might be set up as a counter-claim against a similar cause; that it was a demand arising on contract. But we are unwilling to follow that decision. Suppose that the plaintiff had lost money, and the defendant had found it. An action to recover it would lie. But could it be said that there was an implied promise to pay, and hence the action was on contract, and might be referred? There is but one form of civil action. Code, § 3339. Hence we must look at facts, not at fictions, to determine whether a cause of action is on contract. Looking at the facts, we see that the plaintiff paid defendant money on unlawful contracts, and by statute he is allowed to recover it back. Unless we adopt the fiction that defendant promised to repay it, the action is not on contract. If we may use fictions enough, every action may be shown to be on contract. Certainly the plaintiff does not sue on the betting contracts. They are void, and, if valid, he would not have any claim on them. On what contract, then, does he sue? He recovers, if at all, in opposition to the only contracts he made or attempted to make. He recovers because the defendant has in his possession money of the plaintiff, and has no title thereto. The order should be reversed, with $10 costs, and printing disbursements, and motion denied, with $10 costs; the order to express that it is made on the ground that the action is not referable.