FREDERICK STAUB, Respondent, v. WILLIAM MYERS (Otherwise Known as WILLIAM REED) and Others, Defendants; GEORGE HENRY, Appellant.

*Order of arrest — it cannot issue in an action brought to recover, under the Revised Statutes, moneys paid to persons conducting illegal lotteries.*

Where an action is brought to recover, under the provisions of sections 24, 25 and 32 of article 4 of chapter 20 of part 1 of the Revised Statutes, relative to "Raffling and Lotteries," moneys paid by the plaintiff to persons conducting alleged illegal lotteries or a so-called "policy game," no order of arrest can be granted in the action, either under subdivision 1 of section 549 of the Code of Civil Procedure, providing for such an order in an action to recover a fine or penalty, nor under subdivision 2 of the same section, authorizing such an order for the wrongful taking, detention or conversion of personal property.

APPEAL by the defendant George Henry from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 28th day of September, 1896, denying his motion to vacate an order of arrest.

The complaint alleges that the appellant and others were unlawfully associated in a certain illegal business of selling and offering to sell what are commonly called lottery policies "and writings, papers and documents in the nature of bets, wagers and insurance upon the drawing and drawn numbers of certain public and private lotteries and indorsing and using books and other documents for the purpose of enabling others to sell such lottery policies, writings,.

papers and documents, at the city of Buffalo, N. Y." It also alleges that "the plaintiff, at Buffalo, N. Y., paid and delivered to the defendants, and the defendants then and there wrongfully and unlawfully received from the plaintiff, various large sums of money in consideration of certain agreements made by the defendants from time to time to repay to this plaintiff certain other sums of money if certain numbers in certain illegal lotteries known as the 'Kentucky,' 'Frankfort' and 'Henry' lotteries, and also known as a 'policy game' should prove fortunate or unfortunate, or if certain numbers should be drawn in a particular order or otherwise, contrary to the provisions of the Revised Statutes relating to 'Raffling and Lotteries,' which sums of money so paid and delivered by plaintiff, and wrongfully and unlawfully received by the defendants, amount in the aggregate to four thousand dollars."

When the order of arrest was applied for, an affidavit made by the plaintiff and an affidavit made by Graves were presented in which were more particularly described the business carried on by the defendants.

In the order of arrest it is recited that it was made to appear "that a sufficient cause of action exists in favor of the above-named plaintiff against the above-named defendants for a penalty, being double the amount of money paid by plaintiff to defendants on the purchase of certain tickets, shares and interests in certain illegal lotteries, and unlawfully received by defendants, contrary to the provisions of article 4, chapter 20 of the Revised Statutes relating to Raffling and Lotteries."

*C. J. Thomas*, for the appellant.

*Leroy Andrus*, for the respondent.

HARDIN, P. J.:

In section 24, article 4, title 8, chapter 20 of part 1 of the Revised Statutes it is declared that all agreements "for or on account of any raffle, or distribution of money, goods or things in action, for the payment of any money, or other valuable thing, in consideration of a chance in such raffle or distribution, or for the delivery of any money, goods or things in action, so raffled for, or agreed to be distributed as aforesaid, shall be utterly void."

In the following section, to wit, section 25, it is provided : "Any

person who shall have paid any money or valuable thing for a chance or interest in any such raffle or distribution, as is prohibited by the preceding sections, may sue for and recover the same of the person to whom such payment or delivery was made."

In section 32 it is provided as follows : "Any person who shall purchase any share, interest, ticket; certificate of any share or interest, or part of a ticket, or any paper or instrument purporting to be a ticket or share or interest in any ticket, or purporting to be a certificate of any share or interest in any ticket, or in any portion of any illegal lottery, may sue for and recover double the sum of money and double the value of any goods or things in action which he may have paid or delivered in consideration of such purchase, with double costs of suit." (2 R. S. [9th ed.] 1765, 1766.)

Apparently, this action was brought to recover money which the plaintiff had parted with, he seeking to avail himself of the provisions of the sections of the law to which we have referred. (*Hathaway* v. *Johnson*, 55 N. Y. 93 ; *Stockwell* v. *U. S.*, 13 Wall. 531.)

In *Meech* v. *Stoner* (19 N. Y. 26) it was held that the right to recover money or property lost in gaming, in virtue of the statutes, might be assigned and that an assignee might maintain an action.

In *Bones* v. *Booth* (2 Wm. Black. 1226) it was held that an " action brought by the loser to recover back money lost at play is remedial and not penal, and new trial may be had therein." In that case NARES, J., said : " The statute is remedial where the action is brought by the party injured, but penal where brought by a common informer."

That case is referred to with approval in *Meech* v. *Stoner* (*supra*).

In chapter 8 of title 10 of the Penal Code (§ 323 *et seq.*) provision is made against lotteries, drawing lottery tickets, selling lottery tickets, advertising lotteries, offering property for disposal dependent upon the drawing of any lottery, and against other practices of a similar nature, and violations of the sections are declared to be a misdemeanor and specific penalties are imposed for violations of those sections.

This action was not brought to recover any penalty named in any of those sections. (*U. S.* v. *Reid*, 4 Civ. Proc. Rep. 1.)

It is contended, in behalf of the plaintiff, that because the statute authorizes the recovery of the sum paid or lost, and " double the

sum of money and double the value of any goods and things in action which he may have paid or delivered in consideration of such purchase, with double costs of suit," the action is an action to recover a penalty. We think the contention cannot be sustained.

In *Glens Falls Paper Company* v. *White* (58 How. Pr. 174) it was said that "To subject a party to arrest the cause of action must be a fine or penalty, and not something of a penal character."

Where a party brings an action to recover for slander, he may be entitled to recover $50 damages in compensation for injuries sustained, and he may, in addition to that, be entitled to recover $100 punitive damages, yet in no sense can the action be said to be one to recover a penalty, as the word "penalty" is used in section 549 of the Code of Civil Procedure, subdivision 1.

It has been suggested that the order of arrest may be sustained under subdivision 2 of section 549 of the Code of Civil Procedure. The contrary seems to have been held in *Tompkins* v. *Smith* (62 How. Pr. 499), and that case was affirmed in 89 New York, 602.

No case is cited, nor, after some considerable examination, has any been found, which sustains an order of arrest in an action of the character set out in the complaint in this action.

The foregoing views lead to the conclusion that the order of the Special Term should be reversed.

Order reversed, with ten dollars costs and disbursements, and motion to vacate the order of arrest granted.

All concurred, except FOLLETT and GREEN, JJ., dissenting.

FOLLETT, J. (dissenting):

Title to property cannot be acquired through a fraud, much less through a crime. (*Riggs* v. *Palmer*, 115 N. Y. 506.) The act by which the appellant acquired the plaintiff's money was a crime (Penal Code, tit. 10, chap. 8), and money so acquired is wrongfully taken and wrongfully detained, and an order of arrest is authorized by subdivision 2 of section 549 of the Code of Civil Procedure in such cases. This view of the question was not considered in *Tompkins* v. *Smith* (16 J. & S. 113; S. C., 62 How. Pr. 499; affd., 89 N. Y. 602, by a divided court and without an opinion).

Again, a motion to vacate an order of arrest cannot be made until

the defendant has been arrested. (Code Civ. Proc. § 567; *Kern* v. *Raekow*, 44 How. Pr. 443 ; *Gedney* v. *Haas*, 50 id. 310 ; *Van Tassel* v. *Marks*, 4 Month. Law Bull. 19. *Martin* v. *Gross*, 24 J. & S. 512, not followed.) The case last cited was decided on the ground that section 568 of the Code of Civil Procedure provides that a motion to vacate an order of arrest "may be founded only upon the papers upon which it is granted," and that the provision of section 567 that the motion can be made only after arrest conflicts with section 568. Had the order been executed the return of the sheriff would show the fact, and the affidavit of the fact of arrest would be quite unnecessary. Besides, had the defendant moved on the original papers, accompanied by his affidavit, showing that he had been arrested, the plaintiff could not have supported the arrest by new affidavits showing grounds therefor ; at most he could be permitted only to deny that the defendant had been arrested. It not appearing that the order of arrest, the papers on which it was granted, or the summons had been served on the defendant, the motion to vacate the order was prematurely made.

The order of the Special Term denying the motion to vacate the order should be affirmed, with ten dollars costs and disbursements.

GREEN, J., concurred.

Order reversed, with ten dollars costs and disbursements, and motion to vacate the order of arrest granted.