## RECOVERY OF MONEY LOST IN GAMING.

Common Pleas Court of Hamilton County.

OLIVE HARLAN v. THE CAPITAL INVESTMENT CO.

Decided, January 6, 1911.

*Attachment for Recovery of Money Lost in Gaming—Statute Remedial and the Action ex Contractu—Section 11240.*

An attachment will lie against a foreign corporation in an action for recovery of money lost in gaming.

*J. C. Hermann,* for motion.
*Rulison & Rose,* contra.

HUNT, J.

This is an action brought to recover money lost by the plaintiff at gaming. An attachment was issued upon the ground that the defendant was a foreign corporation. A motion has been made to discharge the attachment on the ground that the debt or demand does not arise upon contract.

The recognition in law of constructive contracts, that is, of contracts founded not on the mutual understanding of the parties, express or implied as a question of fact, but implied by law, is too well settled to require authority other than *Railroad v. Gaffney,* 65 O. S., 104-116. That constructive contracts are fictions of law must be admitted; also that fictions of law are not recognized beyond the purpose of their existence and then only in furtherance of justice. Such fiction was recognized at common law for the purpose of permitting actions to be brought *ex contractu* where other adequate remedies were not provided. Among the earliest forms of constructive contracts recognized by law were cases where the title to property was in one and the possession in another, but without any right thereto as against the owner. Under such circumstances the law implied an agreement to deliver possession or account to the owner therefor. For the purposes of the remedy, the doctrine of implied promise was applied, with less reason, to liabilities created by statute, even when in the nature of penalties or forfeitures.

Under code procedure (4973, Revised Statutes; 11240, General Code) there can be no feigned issue, and there is only one form of action, but that did not change the nature of substantive rights as theretofore recognized. When therefore a right had been recognized in law as contractual, actually or constructively, statutory provisions relating specifically to enforcements of contractual rights being remedial and liberally construed, should include in the interpretation of the word contract, at least such contracts as were then clearly recognized as being constructive contracts, although not in fact contracts. Attachment proceedings being statutory and not only remedial in themseves, but ancillary to an action itself remedial, are necessarily subject to the same rule, and the use of the word contract in attachment statutes should include constructive contracts. This is no violation of the principle of construction laid down in *Hough* v. *Dayton Manufacturing Company*, 66 O. S., 427, where the court in the interpretation of an attachment statute held that a clear omission or mistake of the Legislature could not be supplied by construction.

This rule as to the interpretation of the word contract in remedial statutes, when attempted to be made applicable to statutory liabilities, has not always been followed; for instance, in regard to the statutory right of set-off (*Wood* v. *Ayers*, 39 Mich., 345), and has been rejected as to attachments by a common pleas court of this state (*Cleveland Gas & Electric Company* v. *Mt. Gilead*, 6 N. P., 218), although accepted by another common pleas court in *Northern National Bank* v. *Maumee*, 2 N. P., 260. All three of such cases pertain to the enforcement of statutory liabilities, and do not belong to the older class of cases where, independent of any statutory liability, there was a common law liability upon a constructive contract. Among the latter class has always been included the right of the owner to recover money or property, possession of which was unlawfully obtained (*Clark* v. *Johnson*, Lofft, 756-759; *Mason* v. *Waite*, 17 Mass., 560; *Burham* v. *Fisher*, 25 Vt., 514), unless the owner himself was *particeps criminis*, as in cases where money was lost by the owner himself in gambling, in which cases he was

precluded from recovery, not by reason of the absence of any legal title to the property or the absence of any constructively contractual duty of the winner to pay, but because the unworthiness of the loser stood in the way of his remedy until such bar was removed by statute (*Meech* v. *Stoner,* 19 N. Y., 26-28). When such bar was so removed the constructively contractual right could be enforced even as a set-off under the conditions prescribed by the statute (*McDougall* v. *Walling,* 48 Barb., 364).

Even where the statute gives the wife of the loser a right of action for money of the husband lost by him, the statute has been held to be remedial and a proper action *ex contractu.* Much more so would an action brought by the loser as owner against the winner be regarded as *ex contractu.* The bar to such action by the loser being removed by the statute, all the elements of a constructive contract exists and are enforcible by him. As a demand arising on contract, it has been expressly held that an attachment would lie against a non-resident by the Superior Curt of Cincinnati in *Baker* v. *Morehead,* 7 N. P. (N. S.), 281, and in the United States Circuit Court for the Northern District of Ohio in *Jenks* v. *Richardson,* 35 B., 120, neither of which cases seems to have been overruled.

The fact that the superior force of the statute may create an obligation without regard to the promise by implication as held in regard to the statutory liability of stockholders (*Hawkins* v. *Furnace Co.,* 40 O. S., 507-515), and that relief may be barred by statutory limitations applicable specifically thereto, or to statutory liabilities generally, nor the fact that when the statutory obligation is of the nature of a penalty or forfeiture it is therefore limited in its enforcement by the limitations applicable specifically to the recovery of penalties and forfeitures (*Cooper* v. *Rowley,* 29 O. S., 547-551), does not segregate such obligation for any other purpose from any general class to which it may belong.

The motion to discharge the attachment is therefore overruled.