ALBANY,
January, 1818.

COLLINS
v.
RAGREW.

COLLINS *against* RAGREW.

IN error, on a bill of exceptions, to the court of common pleas of the county of *Ontario.*

The plaintiff in error, brought an action of debt in the court below, against the defendant in error, and declared generally, for money borrowed by the defendant of the plaintiff, and for money had and received by the defendant to the plaintiff's use. The defendant pleaded *nil debet;* and, at the trial, in *May* term, 1817, in the court below, the plaintiff's counsel stated that the action was founded on the second section of the act, entitled, " an act to prevent excessive and deceitful gaming," passed the 21st of *March,* 1801, and offered to prove, that the plaintiff, at one time or sitting, by playing at cards, lost to the defendant the sum of 170 dollars, and paid the same to him, and that the plaintiff, within three months thereafter, sued out a writ of *capias ad respondendum,* and commenced this action, to recover back the money which he had lost. This evidence was objected to, on the part of the defendant, on the ground that it was inadmissible, under the plaintiff's declaration, which contained no reference to the statute, and the court being of this opinion, nonsuited the plaintiff.

The bill of exceptions was submitted without argument.

*Per Curiam.* This case comes before the court, on a writ of error to the common pleas of Ontario county, founded on a bill of exceptions duly taken. It presents the question, whether, in an action, brought by the *losing* party, to recover back money lost at gaming, he is bound to declare specially, or may declare generally, under the statute, for money had and received ; and the statute would seem too plain and ex‑ plicit to admit of any doubt, that he may declare generally. This is expressly authorised by the act, (1 *N. R. L.* 153.) The case of *Cole* v. *Smith,* (4 *Johns. Rep.* 193.) does not apply. There the action was by a common informer, the

*Marginal note:* In an action, under the 2d section of the act to prevent gaming, (sess. 24. c. 46. 1 *N. R. L.* 153.) by the losing party against the winner, to recover back money lost at play and paid, the plaintiff may declare generally in debt, for money had and received, without stating his case specially, or referring to the statute ; but it is otherwise in the case of an action brought by a common informer.

ALBANY,
January, 1818.

GOODRICH
v.
GORDON.

losing party not having brought his suit within the time limited by the act. In such case, the act does not give any form of declaring, and it was held, that he must state the special matter upon which his cause of action was founded. But it is almost necessarily to be inferred, from what is said by the court, that a general count would be good, when the suit was by the losing party. The judgment must be reversed, and a *venire de novo* issued, returnable in the common pleas of *Ontario* county.

Judgment reversed.