## ABRAHAM BABCOCK, Administrator, *versus* BENJAMIN THOMPSON.

A bill of particulars should give as much information as a special declaration, so that the defendant may know the real ground of the action.

It is amendable like a declaration.

If it is insufficient, or not attempted to be supported by proper evidence, a nonsuit may be ordered.

All gaming is unlawful; and money lost at gaming, whether by fair or by foul play, cannot be recovered back by the loser, nor by his executor or administrator, in an action commenced after three months from the losing.

ASSUMPSIT for money had and received. The following bill of particulars was filed.

" The plaintiff, as administrator &c. of Warner Claflen, &c., claims to recover of Thompson the following sums of money and credits received and had of said Warner Claflen in December A. D. 1820, to wit:—

| | |
|---|---:|
| One $1,000 bankbill, bank not recollected . . . | 1,000 |
| Two $500 bills of Union Bank . . . . . . | 1,000 |
| Two checks upon Boston banks amounting to . . | 250 |
| Bankbills current in this commonwealth amounting to | 500 |

The above is all the specification, and as particular as can be given by me. A. Moore, attorney for Babcock."

The plaintiff offered evidence of money fraudulently won in gaming with cards ; which was ruled by the judge, who sat on the trial, to be inadmissible, and a nonsuit was entered.

*April 4th.* S. D. Parker now contended that the nonsuit ought to be taken off.

An action for money had and received lies to recover back money unfairly won by gaming. Com. Dig. *Action upon the Case for a Deceipt, A,* 1 ; 2 Com. on Contr. 123.

No objection was made to the particular until the time of the trial, although the defendant, in fact, knew the ground of the action several months before. The strictness of the English law in respect to a particular, has never been adopted here ; but even in England the strictness of special pleading is not applied to a statement of this sort. It is only an amplification of the declaration. *Ryckman v. Haight*, 15 Johns. R. 222. Here the sums of money were specified, with the time when, and the person of whom they were received.

The defendant should at least have been called on for an affidavit that he was surprised. *Day* v. *Bower*, 1 Campb. 69, note ; *Davies* v. *Edwards*, 3 Maule & Selw. 380 ; *Millwood* v. *Walter*, 2 Taunt. 224 ; *Brown* v. *Hodgson*, 4 Taunt. 189. If the particular was insufficient, the plaintiff should not have been driven out of court, but should have had leave to amend. 1 Tidd's Pract. 536 ; 2 Taunt. 224.

*Rand* and *Fletcher*, *contrà*. The practice of filing a particular where the counts are general, is recent in England, and in this State we have no reported case on the subject. *Le Breton* v. *Braham*, 3 Burr. 1390 ; Impey's Pract. in K. B. 226 ; 1 Dunlap's Pract. 402 *et seq.* The plaintiff can neither contradict nor give evidence out of his particular ; it becomes part of his declaration. *Holland* v. *Hopkins*, 3 Esp. R. 168 ; *S. C.* 2 Bos. & Pul. 243 ; *Wade* v. *Beasley*, 4 Esp. R. 7. Whether the defendant had been told informally that the action was brought for money fraudulently obtained at gaming, was immaterial ; if that was the gist of the action, it should have appeared on the record. *Brown* v. *Watts*, 1 Taunt. 355 ; *Collett* v. *Thompson*, 3 Bos. & Pul. 246 ; *Doe* v. *Phillips*, 6 T. R. 597 ; *Squire* v. *Tod*, 1 Campb. 293. Our objection was, not that this bill of particulars was insufficient in itself, but rather that the plaintiff wanted to support it by improper evidence. *Hurst* v. *Watkis*, 1 Campb. 68. Ordering the nonsuit was right in principle, the evidence not applying to the declaration, and was according to the practice in England in such cases.

But suppose the action to be properly brought, in point of form, to recover back money lost at gaming, still the nonsuit must stand. The general principle is, that where the plaintiff cannot maintain his action without showing an illegal act on his own part, the defendant must prevail. *Simpson* v. *Bloss*, 7 Taunt. 246 ; *Stokes* v. *Twitchen*, 8 Taunt. 492 ; *Booth* v. *Hodgson*, 6 T. R. 405 ; *Howson* v. *Hancock*, 8 T. R. 575 ; *Worcester* v. *Eaton*, 11 Mass. R. 376. That all gaming for money is unlawful in this commonwealth, cannot be questioned; *St.* 1785, *c.* 58, § 2 ; *St.* 1798, *c.* 20 ; Anc. Charters &c. 118, 119 ; the statute of 1785, however, makes an exception to the general principle above mentioned, and allows the party

Babcock
v.
Thompson.

who has lost money at gaming to recover it back, provided he brings his action within three months. No action was commenced, in the present instance, until more than two years had elapsed after the money is supposed to have been lost, and the money, therefore, can never be recovered back. 1 Dane's Abr. 697, § 13; *Brandon* v. *Pate*, 2 H. Bl. 308. This last case shows that an executor or administrator cannot maintain an action for money so lost. Even if the loser might recover it back at common law, his right is devested by the statute after three months. The citation from Com. Dig. has reference to a statute making a distinction between money won fairly and money won by foul play. We have no such distinction, and it would be derogatory to the Court to determine between two gamblers, whether money was lost by fair play or by foul. *Brown* v. *Leeson*, 2 H. Bl. 43; *Amory* v. *Gilman*, 2 Mass. R. 1.

*Parker*, in reply, said that the plaintiff relied on the common law, and he admitted that if there was no difference in law between money won fairly and money won by fraud, the plaintiff had no case.

*April 5th.*　　PARKER C. J. delivered the opinion of the Court, to the following effect. The ground of this action was money lost at gaming, and by foul play. It was objected at the trial, that the plaintiff's particular could not lead the defendant to think this to be the ground, and the judge supposed the plaintiff was going to amend. That, however, was not done, and the question now is, whether the particular was sufficient, and whether the nonsuit was rightly ordered.

We consider the objection to be well founded. A particular should give as much information as a special declaration, though without the form.[1] Telling the defendant that the action was for bankbills, gave him no information that would aid him in making his defence. This mode of proceeding is of recent origin here, and it seems to be so in England. It was found to be necessary, in consequence of the remedy by action for money had and received being made so common. There is no reason why the same rules should not be applied to it

---

[1] See Howe's Pract. 413 to 415

here as in England ; and if it is insufficient, it must be attended with the same consequences. Undoubtedly it should be amendable, like a declaration.

The question then is, whether the nonsuit was proper. A nonsuit should not be ordered without giving the party an opportunity to rectify a mistake. An insufficient declaration will be a ground of nonsuit, unless the plaintiff moves to amend and obtains leave. So in regard to a bill of particulars. In the present case, as there was a mistake, the plaintiff thinking his particular sufficient, we might yet allow him to amend on more strict terms, if it would be of any avail.

But the Court are of opinion that the action cannot be maintained. We have no doubt, that according to the general policy and laws of this commonwealth, all gaming is unlawful ;[1] and the plaintiff cannot maintain his action, where he is obliged to show his illegal act as the foundation for a recovery. This was pretty fully considered and settled in *Worcester* v. *Eaton*, and we see no reason now to change the opinion there expressed. Where a party acts illegally, he is to suffer the loss of his money as the consequence, if the money is sought to be recovered, except where he may have a remedy under the particular 'provisions of some statute. Here is a case of gaming accompanied with cheating. Clearly if the gaming had been fair, the law would give no remedy. The only question then is, whether the fraud will alter the case. We think it will not. If a man thus voluntarily puts himself in a condition to be cheated, through his illegal act he cheats the government, and the other person cheats him, and they must be left to settle the affair between themselves.

It was intimated that an executor might recover, though the testator himself could not ; but we see no authority for the distinction ; and it would be an encouragement to gaming, if a man might kill himself, and thereby give his executor a remedy. That the assignees of a bankrupt may recover money lost at play, results from the statutes of bankruptcy ; and in the case of *Brandon* v. *Pate*, where that point was decided, it is said that an executor could not bring the action.

Babcock
*v.*
Thompson.

---

[1] See Revised Stat. *c.* 50, § 12 to 19.

On general principles, and by the policy of the law, the rep
resentative is not to recover back the penalty which the loser
may be said to have paid for his transgression.

*Motion overruled.*