## CALVIN BATES agt. ALFRED WOTKYNS.

A plaintiff, in giving a bill of particulars under a second order, stated it as follows: To the following sums of money received by the said defendant for the said plaintiff, to whom they belong, viz., $200, $100, $100, $114, $200, $330, $50; all of which were so received at various times during the years 1840, 1841, 1842, 1843 and 1844, but in what particular months, or upon what particular days of such months, the said plaintiff is unable to state, as he kept no account of the dates, nor is he able to ascertain the same; but he believes the said defendant well knows the dates at which said sums were respectively received, as he left said defendant to keep the account thereof, being himself unable to read or write: *Held*, that the bill of particulars was insufficient, for want of particularity and precision.

*December Term*, 1845.

MOTION by defendant for judgment of non pros.

This was an action of assumpsit: the declaration contained the common money counts, and a count on an account stated. On the 13th October, 1845, defendant's attorney obtained an order for plaintiff's bill of particulars, which was served as follows: "Alfred Wotkyns to Calvin Bates, Dr.: To moneys received by the said Wotkyns, for and belonging to the said Bates, at different times during the years 1840, 1841, 1842, 1843 and 1844, and in various sums, viz., $200, $100, $100, $114, $200, $330, $50, and other sums during said years, in all amounting to . . . . . . . $1,400.00
January 13, 1844. To money received by said
Wotkyns, for and belonging to said Bates . 499.15."
On the 17th of October, defendant's attorney procured a second order, requiring plaintiff to specify therein the particular sum received by the defendant for the plaintiff, the time when each sum was so received, as near as might be, and the purpose for which they were so received. Plaintiff's attorney served a second bill as follows:

"Alfred Wotkyns to Calvin Bates, Dr. To the following sums of money received by the said Wotkyns for the said Bates, which were intrusted to said Wotkyns to be accounted for by him to said Bates, to whom they belong, viz., $200,

$100, $100, $114, $200, $330, $50, all of which were so re-
ceived at various times during the years 1840, 1841, 1842,
1843, 1844, but in what particular months, or upon
[*19]   what *particular days of such months, the said Bates
is unable to state, as he kept no account of the dates,
nor is he able to ascertain the same ; but he believes that the
said Wotkyns well knows the dates at which said sums were
respectively received, as he left said Wotkyns to keep the ac-
count thereof, being himself unable to read or write.   Also to
other sums so received, and for the purpose aforesaid during
said years, but the particular amount thereof, and the times
when received, the said Bates is unable, for the reasons afore-
said, to state, but he believes the amounts and dates are well
known to the said Wotkyns, for the aforesaid reasons.   To
moneys so received by said Wotkyns, for and belonging to
said Bates, and so intrusted at various times, from the early
part of the year 1834, to about the month of July, 1843, so
that the balance thereof in said Wotkyns's hands amounted
to, and was acknowledged by said Wotkyns to be, at the said
last named time, $1,400 or thereabouts ; but the particular
sums or dates, the said Bates is unable to state, for the reasons
aforesaid.

Jan. 13, 1844.   To moneys received by said Wotkyns for and
belonging to said Bates, for which the said
Wotkyns was to account to said Bates,
$499.15
To interest in said sums."

The defendant swore that he gave the account as near as he
could, and meant in good faith to comply with the orders.

J. PIERSON, *defendant's counsel and attorney.*

J. EDWARDS, *plaintiff's counsel.*

S. H. TERRY, *plaintiff's attorney.*

JEWETT, Justice.   The bill of particulars, delivered under
the order of the 17th day of October, is no better than the first,
and is not a compliance with the order.   The facts shown by
the affidavits of the plaintiff and his attorney, however, induce

me to think that there was a bona fide intention to comply with the order. I therefore allow the plaintiff time to deliver further and better particulars of his demand till the 20th day of January next, on payment of the costs of this motion in ten days.

Rule accordingly