Moran agt. Morrissey.

## NEW YORK COMMON PLEAS.

JOHN MORAN agt. JOHN MORRISSEY, and others.

A *bill of particulars* in an action for an indebtedness, should state the items of the demand, and when and how it arose, and the sums claimed.

In an action for money alleged to have been lost by the plaintiff at play, a complaint similar to a declaration in *indebitatus assumpsit*, under the former practice is not sufficient. The complaint must be *special*; the plaintiff must set out the facts and bring himself within the statute by force of which he claims to recover.

*New York Special Term, July*, 1864.
*Before* CARDOZO, *Judge.*

THIS is a motion to require the plaintiff to make the bill of particulars furnished more definite and certain, so as to apprise the defendants distinctly what the cause of action is which it is claimed exists against them.

The complaint states that between certain dates the plaintiff paid and advanced to the defendants sums amounting to $11,750. It does not aver under what circumstances this money was paid to the defendants, nor that there was any agreement to refund it; but after the general allegation to which I have directed attention, the complaint proceeds to aver a request and refusal to return the amount,

and then follows the usual statement as a conclusion from these facts, of indebtedness by the defendants to the plaintiff.

CARDOZO, J. It is not necessary to say whether this complaint discloses any cause of action. I only allude to its averments, to show that it presents a case in which the defendants cannot be deemed to be unreasonable if they seek further information than such a pleading contains. The bill of particulars furnished gives various items, each of which, except as to date and amount, is stated in the same language; for instance:

"1861, January 4.

" To amount advanced, $200."

I think this is not sufficient. (*See Bates* agt. *Watkins,* 2 *How. P. R. p.* 18; 4 *Hill, p.* 50.) " The bill should set forth the nature of the plaintiff's claim with sufficient particularity to enable the defendants to meet it at the trial. It should state the items of the demand, and when and how it arose, and the sums claimed." (*Burrill's Pr. vol.* 1, *p.* 432; *see also Paine & Duer's Pr. vol.* 2, *p.* 150.)

This would dispose of the present motion, but from the affidavit of the defendant Morrissey, which is uncontradicted, and the points submitted on behalf of the plaintiff, probably this motion is resisted for the purpose of procuring an opinion as to whether, assuming the cause of action to be for money alleged to have been lost by the plaintiff at play, a complaint similar to a declaration in *indebitatus assumpsit,* under the former practice would be sufficient. While I have shown that, assuming such to be the case, the present bill of particulars is defective, I will proceed, as I have carefully examined the question, although not indispensible to the determination of this motion, to state the conclusion to which I have arrived. I think the complaint must be special; that the plaintiff must set out the facts and bring himself within the statute, by force of

which he claims to recover (*McKeon* agt. *Caherty*, 1 *Hall's Supr. Ct. Rep. p.* 300).

The only case relied on ·by the plaintiff's counsel is *Collins* agt. *Ragnew* (15 *John. R. p.* 5). But that case was put on the ground that the statute as it then existed, expressly authorized the losing party to bring his action, and to declare generally for "money had and received by the defendant to the plaintiff's use, without setting forth the special matter" (1 *R. L.* 1813, *p.* 152, § 2). No such provision exists in the statute under which suits to recover money lost by betting or gaming are now brought (*Edmond's Stat. at Large, vol.* 1, *p.* 614), and as the·ground upon which the case in 15*th John.* was decided has ceased to exist, that case is inapplicable. In any view, I think the motion must be granted.

Motion granted, with $10 costs.