(20 Misc. Rep. 705.)

### LIEBMAN v. MILLER.

(City Court of New York, General Term. July 15, 1897.)

1. WAGER—RECOVERY FROM STAKEHOLDER.

    One who has made a wager on the outcome of an election may recover of a stakeholder the amount deposited with him, by virtue of 1 Rev. St. p. 662, §§ 8, 9, providing for the recovery of a deposit of money upon the event of a wager made to depend upon an unknown or contingent event.

2. SAME—BETTING ON ELECTION.

    Wagering on an election is not playing at a game, within the meaning of Rev. St. p. 662, § 14, providing that one who has lost money by betting while playing at any game may recover it back within three months.

Appeal from trial term.

Action by Joseph Liebman against Frank Miller. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before McCARTHY and SCHUCHMAN, JJ.

Einstein & Townsend, for appellant.

Charles M. Koplik, for respondent.

McCARTHY, J. The plaintiff, on October 21, 1896, placed in the hands of the defendant, Miller, as stakeholder, the sum of $100, wagering that sum against $300, also apparently placed in Miller's hands by one L. Fisher. The terms of the wager are in the defendant's handwriting, as follows: "If Bryan is elected, Frank Miller pays Liebman $400." This writing was headed by the words: "$100.00 received. Exchange memorandum of election bet between J. Liebman and F. Miller." It is quite apparent from this writing, and from defendant's letter to plaintiff dated October 19, 1896, and also from his verbal statement made to plaintiff, all of which appears in the printed record, that defendant acted as stakeholder of the above wager. That an actual wager was made between plaintiff and Fisher concerning the election of a president of the United States, and which was not yet determined, is apparent. The transaction in question was clearly a wager, and the defendant a stakeholder, within the meaning of the law. 1 Rev. St. p. 662, §§ 8, 9. The plaintiff's right to recovery of the fund deposited by him with defendant is clear. He was not bound to commence his action to recover the same within three months after such delivery, for section 14 of the act just referred to does not apply to wagers of this kind, but only playing or betting upon any game. This transaction was not a wager or bet upon a game, but was upon an event which was at the time of the making of such wager an unknown or contingent event, and therefore does not apply as the appellant asserts.

Upon the whole record, in our judgment, the trial justice was right in directing a verdict for the plaintiff, and the judgment therefore is affirmed, with costs.

SCHUCHMAN, J., concurs.