(23 Misc. Rep. 346.)

### JOHNSON v. CLARK.

(Supreme Court, Appellate Term. April 27, 1898.)

1. GAMBLING CONTRACT—RECOVERY OF CONSIDERATION.

Defendant was the proprietor of a gambling establishment. Plaintiff, who had lost money in the game there, gave to defendant a diamond stud and a ring, worth $200, for which defendant advanced poker chips to him to the amount of $27, which plaintiff also lost in the game, in which defendant himself participated. *Held*, that as the arrangement between the parties was a gambling contract, and therefore void in law, the plaintiff was entitled to recover back the value of the jewelry.

2. GIFT ON CONDITION—TITLE.

The jewelry had been presented to plaintiff as a gift upon a sort of indefinite understanding that he would not part with it. *Held*, that the title was in him, and that he had a right to maintain the action.

3. CONTRACT BY INFANT—FRAUDULENT REPRESENTATIONS.

A fraudulent representation made by an infant in relation to his age, to induce another person to enter into a contract with him, does not give validity to the contract itself.

Appeal from Eighth district court.

Action by Shirley Johnson, by Richard F. Johnson, his guardian ad litem, against William Clark. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

John C. Coleman, for appellant.
Thomas Bettner, for respondent.

GILDERSLEEVE, J. The following facts are fairly established by evidence offered on behalf of plaintiff, viz.: The defendant was the president and virtual proprietor of a club where gambling was practiced. Defendant, or his assistant, would sell poker chips to the players, to be used in the game, and at the conclusion of the game there would be a settlement made, in cash, with the defendant or his representative. The defendant himself and his assistant usually took part in the game. The plaintiff, a boy of about 18 years of age, fre-

quented this gambling place, and bought chips from defendant or his representative, which he lost in the game. Not having any more money, the plaintiff gave to the defendant a diamond stud, and, afterwards, a ring, the value of which jewelry has been fixed, by consent of the parties, at $200, and the defendant advanced to the plaintiff, on such jewelry, poker chips to the amount of about $27, as plaintiff swears, but never gave to the plaintiff a cent in actual money or cash. These poker chips the plaintiff lost in the game, in which, as we have said, defendant himself participated. Defendant, it is true, swears that he never sold plaintiff poker chips, but loaned him actual money, to the extent of about $196.90; but the learned trial justice, upon abundant evidence, has found in favor of the plaintiff's contention, and that finding will not be questioned by the appellate court. There is also a conflict of evidence as to whether plaintiff asserted that he was of age before defendant allowed him to take part in the game; but upon this point, also, there is sufficient evidence to uphold the finding of the justice in plaintiff's favor. Even if the preponderance of testimony on this question were against the plaintiff's contention, and even if we assume that the contract or agreement between plaintiff and defendant was not void in law as a gambling contract, still a fraudulent representation made by an infant in relation to his age, to induce another person to enter into a contract with him, does not give validity to the contract itself. See Banking Co. v. Fisher, 23 App. Div. 363, 48 N. Y. Supp. 152.

Appellant also raises a point as to the ownership of the jewels by plaintiff, but the evidence is quite clear that the jewels were given to the plaintiff by his brother, with a sort of indefinite understanding that the former was not to part with them. The title to the jewelry is in the plaintiff, and he has a right to maintain the action.

We are of opinion that the evidence is abundantly sufficient to support the finding that the arrangement which existed between the parties, in virtue of which the plaintiff delivered to the defendant the jewelry in question, was a gambling contract, and therefore void in law. See 1 Rev. St. p. 662, §§ 8, 9, 14, 16; Mount v. Waite, 7 Johns. 434; Decker v. Saltsman, 1 Hun, 421, affirmed 59 N. Y. 275; Ransom v. Vermilyea, 11 N. Y. St. Rep. 683; Meech v. Stoner, 19 N. Y. 27; Collins v. Ragrew, 15 Johns. 5. The jewelry was given either as security for, or in payment of, poker chips, which were lost in a game played in defendant's gambling place, and in which game defendant himself took part, and plaintiff is entitled to recover back the value of such jewels. See Meech v. Stoner, supra; Ransom v. Vermilyea, supra; Collins v. Ragrew, supra; 1 Rev. St., supra. It is well settled that the loser of money by gaming may recover back the amount, in an action for money had and received. Collins v. Ragrew, 15 Johns. 5.

For the reasons above stated the judgment appealed from should be affirmed, with costs. All concur.