(74 Misc. Rep. 543.)

### WILKENFELD v. ATTIC CLUB.

(Supreme Court, Trial Term, New York County. December, 1911.)

1. Gaming (§ 45*)—Remedies of Parties—Recovery of Money Lost—Limitations.

Under Penal Law (Consol. Laws, 1909, c. 40) § 994, giving the right to recover money lost on a bet or wager, and section 995, authorizing the recovery of money lost in betting on games by action commenced within three calendar months, it is a good defense to an action to recover money lost at play that the cause of action did not accrue within three calendar months, but the limitation does not apply to an action under section 994.

[Ed. Note.—For other cases, see Gaming, Cent. Dig. §§ 91, 92; Dec. Dig. § 45.*]

2. Gaming (§ 48*)—Remedies of Parties—Complaint.

A complaint to recover money lost at play, which fails to allege that the plaintiff at any time or sitting lost the sum or value of $25 or upwards, does not state facts sufficient to constitute a cause of action.

[Ed. Note.—For other cases, see Gaming, Cent. Dig. §§ 96–99; Dec. Dig. § 48.*]

Action by Joseph Wilkenfeld against the Attic Club (Moe Stern) to recover money lost at play. Complaint dismissed, with leave to plaintiff to amend.

Jerome H. Buck, for plaintiff.
Otto B. Schmidt, for defendant.

GREENBAUM, J. Plaintiff sues to recover $6,165.33, alleged to have been "paid to the defendants and received by them in payment of certain wagers made by plaintiff in certain games of cards." One of the defendants in his answer sets up as a separate defense "that the cause or causes of action stated in the complaint did not, nor did any or either of them, accrue within three calendar months before the commencement of this action, and that this action is barred by the statute of limitations." To this defense the plaintiff demurs upon the ground that it is insufficient in law upon the face thereof.

[1] Under the common law the loser of a game of cards was remediless to recover his losses. Meech v. Stoner, 19 N. Y. 26, 28. It was only by reason of the statutes (1 R. S. 662, §§ 9, 14, 15) re-enacted in the Penal Law (Consol. Laws, c. 40, §§ 994, 995) that losers upon wagers or bets or at games were permitted to maintain actions for the recovery of their losses as therein provided. The right to recover in such cases must therefore be controlled by the provisions of the statute, which read as follows:

Section 994: "Any person who shall pay, deliver or deposit any money, property or thing in action, upon the event of any wager or bet prohibited,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

may sue for and recover the same of the winner or person to whom the same shall be paid or delivered, and of the stakeholder or other person in whose hands shall be deposited any such wager, bet or stake, or any part thereof, whether the same shall have been paid over by such stakeholder or not."

Section 995: "Every person who shall, by playing at any game, or by betting on the sides or hands of such as do play, lose at any time or sitting, the sum or value of twenty-five dollars or upwards, and shall pay or deliver the same or any part thereof, may, within three calendar months after such payment or delivery, sue for and recover the money or value of the things so lost and paid or delivered, from the winner thereof. In case the person losing such sum or value shall not, within the time aforesaid, in good faith and without collusion, sue for the sum or value so by him lost and paid or delivered, and prosecute such suit to effect without unreasonable delay, the overseers of the poor of the town where the offense was committed, may sue for and recover the sum or value so lost and paid, together with treble the said sum or value, from the winner thereof, for the benefit of the poor."

These sections have been construed in two Special Term cases, to wit, Langworthy v. Broomley, 29 How. Prac. 92, and Liebman v. Miller, 20 Misc. Rep. 705, 46 N. Y. Supp. 532. In the Langworthy Case it was held that the Legislature evidently had provided for two classes or kinds of gambling, "the one where parties bet or wager a sum of money upon some contingent event, and the other where parties play at a game or bet on the sides or hands of such as do play." It was also held that in the latter class the right to sue must be asserted within three months after the payment or delivery of the money sought to be recovered, and that in the former no such time limit is fixed. The same distinction was recognized in the Liebman Case, supra. It was there held that a wager to the effect, "If Bryan is elected, Frank Miller pays Liebman $400," could be recovered under the provisions corresponding to section 994, and was not subject to the three-months limitation contained in section 995. The court characterized the transaction as one that "was not a wager or bet upon a game, but was upon an event which was, at the time of the making such wager, an unknown or contingent event, and, therefore, does not apply."

In Mendoza v. Levy, 98 App. Div. 326, 90 N. Y. Supp. 748, and Mendoza v. Rose, 44 Misc. Rep. 242, 88 N. Y. Supp. 938, it was held that moneys lost upon a horse race were recoverable under 1 Revised Statutes, 662, section 9 (now section 994, Penal Law), and no reference was made to section 14 of 1 Revised Statutes, 662 (now section 995, Penal Law). In Meech v. Stoner, supra, at page 29, Comstock, J., in discussing the provisions of the former section 14 of the Revised Statutes, said:

"If the right is not asserted within the time (i. e., three months) it is gone."

It must be assumed that the Legislature intended to distinguish between acts of gambling, commonly known as bets or wagers contingent upn the happening of an event, such as racing or elections, and those which have to do with games of chance, such as card or dice playing. I am the more convinced of the correctness of this view by reason of the circumstances that in the one case there is no money limitation prescribed, while in the other the recovery is limited to a

loss of $25 or upwards at one time or sitting. The Legislature, evidently recognizing the prevalence of card playing for small stakes and the futility or impracticability of enforcing recovery of such losses, limited them to the loss of $25 and upwards.

[2] I am not only of opinion that the demurrer is not well taken, but I also think that the complaint, which may be searched upon this trial, is defective. According to my view a recovery may only be had by virtue of section 995 of the Penal Law. By failing to allege that he lost "at any time or sitting the sum or value of $25 or upwards" plaintiff has not brought himself within the provisions of the statute, and has failed to state a cause of action.

Demurrer to the separate defense overruled, and complaint dismissed, with costs, and with leave to plaintiff to amend upon payment of costs.

Complaint dismissed.