ADOLF H. LANDLEY, Respondent, *v.* FRANCIS FISCHER and Anotl Appellants.

First Department, June 18, 1929.

*Max Zucker* of counsel [*Kommel & Zucker*, attorneys], for the appellants.

*Adolf H. Landley*, respondent in person.

FINCH, J. After three similar complaints had been dismissed for failure to state a cause of action, the motion to dismiss this fourth complaint for insufficiency was denied at Special Term. Defendants appeal.

The plaintiff is suing upon the theory of a common-law action for damages for fraud. The gist of the complaint is that the defendants conducted a so-called social club for the playing of card games for money, invited the plaintiff to visit the premises and introduced him to various persons for the purpose of playing cards for money, representing to the plaintiff that the persons so introduced were men of repute and honesty. After playing with various persons at said premises for a number of years, the plaintiff alleges that he discovered the games were not honestly conducted and that the defendants and coplayers were guilty of cheating. The plaintiff sues to recover as damages the amount of his losses.

At common law no action could be maintained for the recovery of money lost at gambling. (*Meech* v. *Stoner*, 19 N. Y. 26.) By statutory enactment (Penal Law, § 995) it is provided that losers of twenty-five dollars or upwards may, within three calendar months after the payment of such loss, sue for and recover the amount thereof so lost and paid, from the winner. The complaint at bar, however, as noted, is not based upon this section, since it contains no allegations sufficient to come within its scope.

The case at bar appears to fall squarely within the authority of a well-established line of cases holding that the addition of an allegation of fraud to that of gambling does not alter the rule of the common law that losses through the latter cannot be recovered. The gist of this rule is well stated in *Babcock* v. *Thompson* (20 Mass. 446), as follows: " Here is a case of gaming accompanied with cheating. Clearly if the gaming had been fair, the law would give no remedy. The only question then is, whether the fraud will alter the case. We think it will not. If a man thus voluntarily puts himself in a condition to be cheated through his illegal act he cheats the government, and the other person cheats him, and they must be left to settle the affair between themselves."

The case at bar is not excepted from the application of the foregoing principle by the claim of the plaintiff that he is seeking to recover the amount of his losses, not by way of recoupment from those to whom the money was lost, but from the owners of the gambling club by way of damages arising because of their misrepresentations as to the honesty of the persons with whom the plaintiff intended to gamble. The plaintiff intended to engage in a game which in the eyes of the law is illegal. The alleged misrepresentations on the part of the defendants, therefore, become immaterial, for the law does not weigh degrees where the plaintiff and defendants are thus considered *in pari delicto*. It follows that under the facts alleged in the complaint the plaintiff is not entitled to relief. (*Haynes* v. *Rudd*, 102 N. Y. 372; *Union Exchange Nat.*

*Bank* v. *Joseph*, 231 id. 250, 254.) As was said by Judge CARDOZO, writing for the court in the case last cited: " We found no inequality sufficient to set the law in motion at the suit of knowing wrongdoers to undo a known wrong. \* \* \* They had chosen to put private welfare above duty to the State. The State would not concern itself with the readjustment of their burdens unless for some better reason than the fact that indifference to duty had followed hard upon temptation. Excuse would seldom fail if temptation could supply it."

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to dismiss the complaint granted, with ten dollars costs.

DOWLING, P. J., MERRELL, McAVOY and PROSKAUER, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.